MCM DATACONSULTING

# MEMORANDUM

**TO:** Pleasant Brodnax, III, Esquire
Attorney for Jason Hihn

**FROM:** Meredith Patti, Esquire
Mary Cate Rush, Chief Statistician

**DATE:** March 31, 2022

**SUBJECT:** **HIHN – FEDERAL SENTENCING DATA ANALYSIS (FSDA)**

---

Title 18 U.S.C. §3553(a)(6) directs that the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" be considered when imposing sentence. To this end, we were retained to prepare a data analysis to determine comparative sentences imposed on defendants most similar to Mr. Hihn.

> *Mr. Hihn pleaded guilty in United States District Court for the Eastern District of Virginia to violating 18 USC §2422(b) and 18 USC §§2252(a)(4)(B) and 2252(b)(2) and will be scored according to USSG §2G1.3. Mr. Hihn is a Criminal History Category I and will not receive a substantial assistance downward departure pursuant to USSG §5K1.1. Mr. Hihn is subject to a statutory mandatory minimum sentence of 120 months of imprisonment. According to Mr. Hihn's Presentence Investigation Report (PSR), his USSG §2G1.3 scoring is as follows: +28 Base Offense Level; +2 Use of a Computer; +8 Minor less than 12-years old; and -3 Acceptance of Responsibility. Therefore, Mr. Hihn's Total Offense Level is 35 (168-210 months of imprisonment).*

## THE USSC DATABASE

The United States Sentencing Commission (USSC) maintains a comprehensive, computerized data collection system of federal sentencing information.[1] Pursuant to 28 USC § 994(w) each chief judge of a district is required to ensure that within 30 days after entry of judgment in a criminal case the sentencing court submits a report of the sentence to the Commission that includes: (1) the judgment and commitment order; (2) the statement of reasons (including the reasons for any departures or variances); (3) any plea agreement; (4) the indictment or other charging document; (5) the presentence report; and (6) any other information the

[1] This data collection can be found at http://www.ussc.gov/research/datafiles/commission-datafiles.

Commission needs. As this information is received by the USSC it is entered into an Oracle database. From this information, the USSC releases annually a database of sentencing information for individual defendants sentenced during that fiscal year (Individual Offenders Datafiles).

This collection contains information on federal criminal cases sentenced under the Sentencing Guidelines and Policy Statements of the Sentencing Reform Act of 1984. The data files included in this study contain all cases received by the USSC that were sentenced between October 1, 1998 and September 30, 2020. United States Federal Courts handled over 1.5 million criminal cases between the fiscal years 1999 and 2020. The USSC estimates that 99% of all cases are included in this dataset.

## Data Analysis

**Step 1:** For purposes of this analysis, we utilized the Individual Offenders Datafiles for fiscal years 2008-2020 (see Step 3 for detailed explanation).

**Step 2:** Selected cases to include only those where the information related to a defendant's guideline calculation(s) represented known court findings. That is, only those cases where the court either agreed with the probation officer's calculations of the sentencing guidelines or where the court clearly documented any changes it made to a defendant's guideline calculation. Total cases = 882,556. (This represents approximately 90% of all cases.)

**Step 3:** Beginning in the November 2007 Guidelines Manual significant changes were made to USSG §2G1.3. In order to capture those cases most similar to the guideline used for Mr. Hihn's scoring, we selected only those cases where the defendant was scored according to USSG §2G1.3 using the 2007 or later Guidelines Manual.

- **878,560 cases Deleted**
- **3,996 cases Remain**

**Step 4:** Mr. Hihn is a Criminal History Category I. Deleted those cases where the defendant was not a Criminal History I.

- **1,630 cases Deleted**
- **2,366 cases Remain**

**STEP 5:** Mr. Hihn entered into a plea agreement. Deleted those cases where the defendant was convicted after trial.

- **258 cases Deleted**
- **2,108 cases Remain**

**STEP 6:** Examined each case to determine if it contained missing or incomplete sentencing information. Deleted those cases that contained missing or incomplete sentencing information.

- **0 cases Deleted**
- **2,108 cases Remain**

**STEP 7:** It is our understanding that Mr. Hihn will not receive a substantial assistance downward departure pursuant to USSG §5K1.1. Deleted those cases where the defendant received a downward departure pursuant to USSG §5K1.1.

- **196 cases Deleted**
- **1,912 cases Remain**

**STEP 8:** According to Mr. Hihn's PSR, his Total Offense Level is 35. Deleted those cases where the defendant's Total Offense Level was not 35.

- **1,803 cases Deleted**
- **109 cases Remain**

**FINDINGS – TABLE A**
**GUILTY-PLEADING, CRIMINAL HISTORY CATEGORY I DEFENDANTS**
**SCORED ACCORDING TO USSG §2G1.3**
**TOTAL OFFENSE LEVEL 35**
**(EXCLUDES USSG §5K1.1 DEFENDANTS)**
**NATIONAL – FY 2008 - FY 2020**

- Of the 109 defendants sentenced nationally who were Total Offense Level 35 (168-210 months of imprisonment), the average sentence imposed was 154.8 months of imprisonment.

  - ➢ Of these 109 defendants who were Total Offense Level 35, 15 defendants were sentenced in the **Fourth Circuit**. The average sentence imposed on these 15 defendants was 148.3 months of imprisonment.

  - ➢ Of the 15 defendants sentenced in the Fourth Circuit who were Total Offense Level 35, 3 defendants were sentenced in the **Eastern District of Virginia**. All 3 defendants were sentenced to 120.0 months of imprisonment.

- Of the 109 defendants sentenced nationally who were Total Offense Level 35, 100 defendants were subject to a statutory mandatory minimum. Of these 100 defendants, 30 defendants (30.0%) were sentenced to their statutory mandatory minimum sentence.

- For the 109 defendants sentenced nationally who were Total Offense Level 35, we determined how many defendants were sentenced above, below, or within the guideline range of 168-210 months of imprisonment. The following table, Table B, illustrates these findings.

| **FINDINGS – TABLE B**<br>**GUILTY-PLEADING, CRIMINAL HISTORY CATEGORY I DEFENDANTS**<br>**SCORED ACCORDING TO USSG §2G1.3**<br>**TOTAL OFFENSE LEVEL 35**<br>**(EXCLUDES USSG §5K1.1 DEFENDANTS)**<br>**NATIONAL – FY 2008 - FY 2020** | | |
|---|---|---|
| **Category** | **No. of Cases** | **Percentage** |
| Below Guideline Range | 57 | 52.3% |
| Within Guideline Range | 51 | 46.8% |
| Above Guideline Range | 1 | 0.9% |
| **Total** | **109** | **100.0%** |

- For the 57 defendants sentenced below the guideline minimum of 168 months of imprisonment, Courts departed/varied on average 38.6 months below this guideline minimum.

**STEP 9:** According to Mr. Hihn's PSR, his USSG §2G1.3 scoring is as follows: +28 Base Offense Level; +2 Use of a Computer; +8 Minor less than 12-years old; and -3 Acceptance of Responsibility. From the 109 defendants sentenced nationally who were Total Offense Level 35, we deleted those where the defendant was not scored precisely the same as the scoring contained in Mr. Hihn's PSR.

- **28 cases Deleted**
- **81 cases Remain**

**FINDINGS – TABLE C**
**GUILTY-PLEADING, CRIMINAL HISTORY CATEGORY I DEFENDANTS**
**SCORED ACCORDING TO USSG §2G1.3**
**TOTAL OFFENSE LEVEL 35**
**SCORED PRECISELY THE SAME AS MR. HIHN'S PSR SCORING**
**(EXCLUDES USSG §5K1.1 DEFENDANTS)**
**NATIONAL – FY 2008 - FY 2020**

- Of the 81 defendants sentenced nationally who were scored precisely the same as the scoring contained in Mr. Hihn's PSR, the average sentence imposed was 150.9 months of imprisonment. All 81 defendants were subject to a 120-month statutory mandatory minimum sentence. Of these 81 defendants, 27 defendants (33.3%) were sentenced to their statutory mandatory minimum of 120 months of imprisonment.

  - Of the 81 defendants sentenced nationally who were scored precisely the same as the scoring contained in Mr. Hihn's PSR, 13 defendants were sentenced in the **Fourth Circuit**. The average sentence imposed on these 13 defendants was 145.8 months of imprisonment. Of these 13 defendants, 4 defendants (30.8%) were sentenced to their statutory mandatory minimum of 120 months of imprisonment.

  - Of the 13 defendants sentenced in the Fourth Circuit who were scored precisely the same as the scoring contained in Mr. Hihn's PSR, 3 defendants were sentenced in the **Eastern District of Virginia**. The average sentence imposed on these 3 defendants was 120.0 months of imprisonment. All 3 defendants (100.0%) were sentenced to their statutory mandatory minimum of 120 months of imprisonment.

- For the 81 defendants sentenced nationally who were scored precisely the same as the scoring contained in Mr. Hihn's PSR, we determined how many defendants were sentenced above, below, or within the guideline range of 168-210 months of imprisonment. The following table, Table D, illustrates these findings.

**FINDINGS – TABLE D**
**GUILTY-PLEADING, CRIMINAL HISTORY CATEGORY I DEFENDANTS**
**SCORED ACCORDING TO USSG §2G1.3**
**TOTAL OFFENSE LEVEL 35**
**SCORED PRECISELY THE SAME AS MR. HIHN'S PSR SCORING**
**(EXCLUDES USSG §5K1.1 DEFENDANTS)**
**NATIONAL – FY 2008 - FY 2020**

| Category | No. of Cases | Percentage |
|---|---|---|
| Below Guideline Range | 46 | 56.8% |
| Within Guideline Range | 35 | 43.2% |
| Above Guideline Range | 0 | 0.0% |
| **Total** | **81** | **100.0%** |

- For the 46 defendants sentenced below the guideline minimum of 168 months of imprisonment, Courts departed/varied on average 38.2 months below this guideline minimum.