***United States v. Jason Hihn,1:21-cr-167-LO***

| Case | Facts | Guidelines | Sentence |
|---|---|---|---|
| *U.S. v. Lundberg*<br>*1:08-cr-123-GBL*<br>18:2423(b) | The defendant pled guilty to travel with intent to engage in illicit sexual contact. Defendant traveled from Sweden to Arlington, Virginia for the purpose of engaging in sex with a 14-year-old-girl. Over the course of several months, the defendant arranged the meeting with person whom he believed to be the 14-year-old-girl's father (actually, an Arlington County Police Detective). The defendant and the girl's "father" agreed the defendant would pay $400 for sex with the "daughter." The defendant brought vodka, a digital camera, jewelry , a stuffed toy moose, and condoms to the meeting. | 70 to 87 months | 70 months |
| *U.S. v. Moser*<br>*1:08-cr-258-TSE*<br>18:2423(b) | The defendant pled guilty to travel with intent to engage in illicit sexual contact. Defendant traveled from Washington, D.C. to a middle school in Arlington, Virginia for the purpose of engaging in sex with a 13-year-old-girl (actually, an Arlington County Police Detective). Over the course of three months, the defendant arranged for this meeting with the undercover. The defendant brought 2 condoms to the meeting. | 46 to 57 months | 46 months |
| *U.S. v. Safford*<br>*1:09-cr-185-LO*<br>18:2423(b) | The defendant pled guilty to travel with intent to engage in illicit sexual conduct with a minor. The defendant traveled from Washington, D.C. to a hotel in Centreville, Virginia for the purpose of engaging in sex with a 14-year-old-girl for $150. The defendant arranged for this meeting with a person whom he believed to be the 14-year-old-girl's stepfather (actually a Fairfax County Police Detective). | 46 to 57 months | 36 months |
| *U.S. v. Cook*<br>*1:09-cr-218-LO*<br>18:2423(b) | The defendant pled guilty to travel to engage in illegal sexual acts with a minor. The defendant traveled from Baltimore, Maryland to a restaurant in Leesburg, Virginia for the purpose of engaging in sex with a 14-year-old-girl (actually, a Leesburg Police Detective). The defendant sent the undercover pornographic photos during chats. When the detectives attempted to effectuate his arrest, the defendant fled the scene at a high rate of speed. The defendant brought a condom to the meeting. USA did not seek enhancement for Reckless Endangerment. | 46 to 57 months | 46 months |
| *U.S. v. Nanda*<br>*1:10-cr-436-AJT*<br>18:2423(b) | The defendant pled guilty to travel to engage in illegal sexual acts with a minor. The defendant traveled from his office in Alexandria, Virginia to a pre-arranged location in Washington, D.C. or the purpose of engaging in sex with a 13-year-old-girl (actually, an FBI undercover agent). During the course of several chats, the defendant discussed a variety of sexually explicit topics with the undercover. The defendant brought a teddy bear, condoms, several maxi-pads, a vibrator with extra batteries, KY jelly lubricant, candy bars, two Subway sandwiches and two drinks to the meeting. | 46 to 57 months | 24 months |

| | | | |
|---|---|---|---|
| *U.S. v. Schimmel*<br>*1:12-cr-494-LO*<br>18:2422(b) | The defendant was convicted of use of facility to entice a minor to engage in criminal sexual activity. The 52-year-old defendant responded to a Craigslist advertisement by a minor seeking someone to buy a sex toy for him. The defendant arranged to meet the minor in a hotel in Dumfries, Virginia, where the defendant surreptitiously filmed himself performing oral sex on the minor. During the same period, the defendant was actively seeking to entice other minors to engage in sexual activity. At his arrest, he advised law enforcement that he had engaged in sexual contact with another minor and had surreptitiously recorded those sexual encounters as well. | 135 to 168 months | 120 months |
| *U.S. v. Chapman*<br>*1:13-cr-298-LO*<br>18:1594(c)<br>18:1591(a)<br>18:2423(a) | The defendant was convicted at trial of conspiracy to commit sex trafficking of a child, sex trafficking of a child, and interstate transportation of a minor for the purposes of prostitution. The defendant and her co-defendant recruited the 15-year-old victim to act as a prostitute and began to text potential clients to have sex with the victim. The defendant taught the victim rules regarding how to behave with customers, took explicit photographs of the victim, posted the photographs online to solicit business for the victim, and drove the victim to numerous appointments in Virginia, Maryland, and the District of Columbia where the victim had sex with men for money. The defendant and her co-defendant took half of the money the victim was paid. | 235 to 293 months | 132 months |
| *U.S. v. Deweese*<br>*1:13-cr-313-TSE*<br>18:2423(b) | The defendant pled guilty to travel to engage in illegal sexual acts with a minor. The defendant traveled from his home in Cherry Hill, New Jersey to Fairfax, Virginia to engage in sex with a 10-year-old-girl. Over the course of two months, the defendant discussed illicit sexual contact with the minor with a person he believed to be the minor's father (actually, a Homeland Security Investigations Special Agent) who was also supposedly sexually active with the minor. The defendant advised law enforcement following his arrest that he "probably would have engaged in a sexual act with the child". U.S. Sentencing Memorandum, p. 3. | 135 to 168 months | 108 months |
| *U.S. v. Goddard*<br>*1:13-cr-315-LMB*<br>18:2422(b) | The defendant pled guilty to coercion and enticement of a minor to engage in illicit sexual acts. The defendant traveled from Canada to Dulles to perform sexual acts on two fictitious minors, a 10-year-old girl and 9-year-old boy. Over several weeks, the defendant discussed illicit sexual contact with the minors with a person she believed to be the minor's father (actually, a Homeland Security Investigations Special Agent) who was also supposedly sexually active with the minors.<br>The defendant said she wanted to live in an incest family, she described in graphic detail what she was going to do to | 268 to 210 months | 120 months |

| | | | |
|---|---|---|---|
| | the minors, and encouraged the undercover to anally rape his daughter when they met. The defendant suggested that she get pregnant to that she and the undercover could then molest their infant.<br>The defendant purchased jewelry for the minor female. | | |
| *U.S. v. Clarke*<br>*1:14-cr-246-CMH*<br>18:2422(b) | The defendant was convicted at trial of coercion and enticement of a minor to engage in illicit sexual acts. The defendant's profile page listed his interests including sex, either one-on-one or in a group, with mothers and sons, fathers and sons, uncles and nephews, and brothers. Defendant said that incest and family were a "must have," and he said that he had "no problem" with underage children. After messaging with an undercover agent, who he believed to be a mother who was sexually abusing her children, the defendant traveled to Fairfax, Virginia for the purpose of engaging in sex with an eight-year old male and a nine-year old female. Defendant expressed an interest in performing oral sex on both the girl and the boy, and having the boy perform oral sex on the defendant. When arrested, the defendant possessed four condoms, lubricant, bags of candy and a piece of paper containing the names and ages of the fictitious children. | 235 to 293 months | 120 months |
| *U.S. v. Sara*<br>*1:17-cr-054-AJT*<br>18:2422(b) | The defendant traveled from EDVA to the Philippines and engaged in illicit sexual conduct with a minor. The defendant pled guilty to attempted coercion and enticement of another minor. The enticement involved a minor less than 12 years old. | Life<br>(USA sought Life) | 168 months<br>(Lifetime supervised release) |
| *U.S. v. Sims*<br>*1:17-cr-191-TSE*<br>18:2252(a)(2) | The defendant, an attorney at a large law firm in D.C., pled guilty to distribution of child pornography. The defendant communicated online with an undercover FBI agent that he believed to be the father of a 10-year-old girl who was sexually abusing her and distributing images of that abuse. Sims both solicited child pornography images from the agent and distributed such depictions to the agent on multiple occasions. The defendant also exchanged messages with the agent about setting up a meeting for the sexual abuse of the agent's purported 10-year-old daughter. | 97 to 108 months | 60 months |
| *U.S. v. Martin*<br>*1:18-cr-238-AJT*<br>18:2422(b) | The defendant was convicted of attempted coercion and enticement of a minor. The 26-year-old defendant traveled from Fairborn, Ohio to a Quality Inn in Alexandria, Virginia where he engaged in oral and vaginal sex with a 15-year-old-girl. The defendant told the minor that he was 19 years old. The defendant then took the minor back to Ohio, where the minor learned the defendant's true age, that he had two children and a pregnant fiancé. The minor was eventually discovered by law enforcement and brought back to Virginia to answer an outstanding probation warrant. On a third trip to Virginia, the defendant | 292 to 365 months<br>Criminal History Category III<br>Repeat and Dangerous Sex Offender Against Minors | 120 months<br>(US and Defense recommendation) |

| | | | |
|---|---|---|---|
| | surreptitiously filmed another sexual encounter with the minor. Prior to sentencing, the minor battled suicidal ideation and resided at a trauma-based health facility. The victim's mother wrote that the defendant exploited the absence of a father figure in the victim's life. | under 4B1.5(b)(1) | |
| *U.S. v. McCauley*<br>*1:18-cr-330-TSE*<br>18:2251(a) | The defendant was convicted of production of child pornography. The facts involved not only the filming of a minor engaged in sexual activity, but it also involved the defendant filming himself having sexual intercourse with the minor child, who was 13 years old. | 235 to 293 months | 180 months |
| *U.S. v. Tator*<br>*1:18-cr-294-TSE*<br>18:2252(a)(2) | The defendant, who was a recidivist sex offender previously convicted of attempting to take indecent liberties with children, pled guilty to receipt of child pornography. The defendant was already a registered sex offender at the time of his second offense. He also made the child pornography files available for others over an internet file sharing network. The conduct for which he was investigated and prosecuted included downloading, storing, and accessing child pornography, a large volume of which suggests a particular interest in infants. His criminal background includes a prior conviction for attempting to meet a 14-year-old for sex, as well as an incident in which he repeatedly lurked at a bus stop and stared at middle-school-aged children. | 151 to 188 months | 180 months mandatory minimum |
| *U.S. v. Kokayi*<br>*1:18-cr-410-LMB*<br>18:2422(b)<br>18:1470 | The defendant was convicted after a bench trial of (1) coercion and enticement of a minor to produce child pornography (2) coercion and enticement of a minor to engage in sexual relations and (3) transfer obscene material to a minor. The defendant was the child's teacher and family confidant. | Life<br><br>(USA sought 300 months) | 120 months on each of the three counts, all concurrent |
| *U.S. v. Kosanovich*<br>*3:20-cr-103-MHL*<br>*(Richmond Division)*<br>18:2422(b) | The defendant was convicted of attempted coercion and enticement of a minor. The defendant traveled from Pittsburg, Pennsylvania to Richmond, Virginia for the purpose of engaging in sex with a 10-year-old-girl. Over the course of several months, the defendant arranged for this meeting with a person whom he believed to be the 10-year-old-girl's mother (an FBI agent) who had expressed interest in sexual activity with children and incest. The defendant provided the undercover with a prepaid credit card to purchase adult sexual toys. | 135 to 168 months | 126 months |
| *U.S. v. Hajbeh*<br>*1:21-cr-083-TSE*<br>18:2252(a)(1)<br>18:2252(a)(2) | The defendant was convicted of transporting and receiving child pornography. According to the United States, the defendant's phone revealed over 800 videos of child pornography, an assessment that was conservative in that it was based solely on the number of videos where the age of the child was not in question—i.e., there were many additional "age difficult" videos on the phone beyond that 800. The majority of those videos featured prepubescent minors, and roughly 300 featured sado-masochistic | 210 to 262 months | 60 months |

| | | | |
|---|---|---|---|
| | conduct or the sexual abuse of infants and/or toddlers. A number of those videos featured bestiality, including one video admitted at trial featuring a girl being penetrated by a dog, and another featuring a toddler boy being coached to penetrate the anus of a live donkey with his penis. The content on the phone was extremely voluminous, and included a substantial amount of child sexual abuse material that the United States described as "the worst of the worst". After being released after the execution of a search warrant, and being aware he was under federal investigation, the defendant continued to forward himself child pornography – including videos of child abductions – while tutoring students. A mother of two preschool-aged male students gave an interview in which she described how the defendant would touch her son inappropriately and force children to sit on his lap. | | |
| | | | |