**Claim 7.2** - Hihn is actually innocent of 18 U.S.C. §2422(b) because he lacked the necessary mens rea element of the crime.

**Facts:**

1) This claim incorporates the facts of claim 2.3.

2) Courts have sustained convictions for §2422(b) where no such "individual who has not attained the age of 18 years" where "individual" is defined in 1 U.S.C. §8, based on a judicially constructed mens rea element.

3) Because the images provided by the agent were of dolls, and Hihn had saved and studied the images, Hihn came to the conclusion that the agent was engaging in a fantasy with the dolls, and therefore lacked the necessary mens rea element for the crime.

4) Hihn is actually innocent of 18 U.S.C. §2422(b).

**Prejudice:**

Hihn is not guilty of any 18 U.S.C. §2422(b) violation and is currently serving a sentence for a crime that he did not commit.

**Ground 8** - Hihn's counsel provided ineffective assistance of counsel when he failed to know the jurisprudence and law regarding entrapment, thereby committing substantive malpractice.

**Claim 8.1** - Counsel failed to know entrapment jurisprudence.

**Facts:**

1) Hihn requested an entrapment defense multiple times. His counsel advised him that for it to be entrapment, "You need to prove that she overcame your will."

2) This is not how entrapment defenses work. Entrapment jurisprudence is a judicially constructed defense based on case law. "A valid entrapment defense has two related elements: government inducement of the crime, and a lack of

predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. United States 485 US 58, 79 L.Ed.2d 54 108 SCT 883. And as observed in United States v. Poehlman 217 F.3d 692; 2000 Us.App. LEXIS 14628 (9th Cir, 2000) "Quite obviously by the time a defendant actually commits the crime he will have become disposed to do so." Counsel was therefore in error.

3) In the statement "You need to prove that she overcame your will." there is a subtle context that needs to be elucidated. As stated previously in this motion, counsel advised Hihn not to have any evidence in his cell for fearing vigilantism. Therefore realize Hihn was prevented from doing any analysis of his own, and that that responsibility fell upon his counsel.

4) Counsel knew that whis was an entrapment case since his bond hearing on August 6, 2021 where he presented "Exhibit B", a compilation of the agent's statements from the chats.

5) A minimal excerpt of the chats are as follows:

4/29 8:26pm - Agent: She wanted to know if you are bringing her anything

The agent repeated similar statements including on 5/18 when Hihn was tired of hearing them:

5/18 9:30am - Agent: Gift for Ali is super important. What did you get her?
Hihn: I understand the gift is important

Here we have the exact moments of implantation of the crime and the confirmation that the crime had been implanted by the agent. The agent sill continued:

6/21 8:41pm - Agent: You buying her a gift is helpful

But the agent went further than implanting the crime and providing opportunity, she baited him into committing it:

5/12 8:46pm - Agent: Yeah I love bald baby pussy
Baby is such a delicacy
Yeah its the sweetest peach
When do you wanna come have a taste?

Here the agent is attempting to pursuade the defendant into the commission of the offence. "In their zeal to enforce the law Government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce the commission of the crime so that the government may prosecute." Jacobson v. United States 503 US 540, 548, 118 L.Ed.2d 174 112 S.Ct. 1535 (1992). "To raise entrapment, defendant need only point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so. See United States v. Staufer 38 F.3d 1103,1108 (9th Cir, 1994). Therefore Hihn was entitled to an entrapment defense.

6) Counsel continued to stress certain acts described by Hihn in the chats as a reason to not pursue an entrapment defense. However the entrapment jurisprudence restricts the court to consider the predisposition from before any interaction with the agent. See Jacobson, supra. Therefore Hihn's counsel was also mistaken about this element of entrapment jurisprudence.

7) The second element of an entrapment defense, predisposition, is evidenced by the defendant's total lack of a criminal record, absolutely zero complaints about his behavior, abd his own reluctance expressed by himself in the chats:

5/19 9:40pm - Hihn: If I can be honest, sometimes I worry what it'll do to me
Like what if its as good as everyone says it is and I need it
[referring to the 5/12 excerpt above]
6/20 9:25pm - Hihn: I'm not having sex with anyone right away

Therefore Hihn met the criteria of a "scintilla of evidence" showing that he was entrapped, entitling him to the entrapment defense under modern jurisprudence.

8) It is also an important fact that this case took place starting April of 2021, in the middle of the COVID-19 pandemic and after 13 months of isolation

and COVID-19 restrictions. In fact vaccinations were discussed along with a variety of other non-enticement topics. The government took the opportunity during this national crisis to entrap a depressed, lonely individual, which should shock the conscience of the court. For example:

6/22 9:36pm - Hihn: I genuinely would like to talk to you as a normal person. You sound like you have a great personality
Agent: We're lucky we found each other (smile emoji)

**Prejudice:**

If Hihn had been properly advised about entrapment jurisprudence he would have gone to trial with an actual innocence defense (claim 7.2) and an entrapment defense as allowed by Mathews v. United States, supra.