IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JASON STEUART HIHN, | ) | |
| Petitioner/Defendant, | ) | No. 1:21-cr-167 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | The Honorable Rossie D. Alston, Jr. |
| Respondent. | ) | |

**UNITED STATES' MOTION REQUESTING CLARIFICATION FROM PETITIONER AND TO EXTEND TIME TO RESPOND TO PETITIONER'S MOTIONS RELATED TO 28 U.S.C. § 2255**

On October 19, 2023, this Court Ordered the United States to respond to Petitioner/Defendant Jason Steuart Hihn's ("Petitioner") motions on or before November 9, 2023. ECF No. 53. In that Order, this Court referred to Petitioner's *pro se* motion for extension of time (ECF No. 50, filed June 12, 2023) and two motions to amend (ECF No. 51, filed June 12, 2023, and ECF No. 52, filed October 16, 2023). *Id.* All three of those "motions" were filed after the one-year statute of limitations period for such motions as established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Mayle v. Felix*, 545 U.S. 644, 654 & n.3 (2005) (recognizing the one-year fixed time limit for collateral attacks in federal court on a judgment of conviction). As such, it appears that this Court could properly dismiss all of those motions as being untimely and barred by the one-year statute of limitations. However, the United States suggests that this Court first seek clarification from Petitioner on two issues: (1) whether Petitioner claims to have filed a timely Section 2255 motion on April 7, 2023, or (2) whether Petitioner asks for equitable tolling to be applied to the three untimely motions referenced above.

The United States also seeks an extension of time to respond to Petitioner's claims after the clarification.

Petitioner plead guilty to attempted enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF Nos. 28, 30, 31. He was subsequently sentenced for those offenses. On April 8, 2022, the Honorable United States District Judge Liam O'Grady signed the judgment against Petitioner, and it was entered on April 11, 2022. ECF No. 44. There was no appeal in this case. When no direct appeal is filed, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008); see also *United States v. Diallo*, 581 F.App'x 226, 227 (4th Cir. 2014)(per curiam)(not precedential). A criminal defendant's notice of appeal is due 14 days after the judgment is entered. Federal Rule of Criminal Appeals 4(b)(1)(A). Therefore, in this case, Petitioner's judgment became final at least by April 25, 2022, and his statute of limitations expired on April 24, 2023. A review of PACER reveals no motions filed under Section 2255 by April 24, 2023. Thus, the three pleadings referenced in this Court's Order (ECF Nos. 50, 51, 52) appear to be untimely. As such, this Court could dismiss Petitioner's motions.

However, those three motions suggest two additional issues that it would be prudent to resolve prior to dismissal.[1] One issue is that Petitioner's "Motion For Leave To Amend" suggests that Petitioner filed something, perhaps an original Section 2255 pleading, on April 7, 2023. (ECF No. 51 – "petitioner … moves the court for leave to amend his §2255 pleading that was filed on

[1] In *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Fourth Circuit suggested there are times when the district court should warn a petitioner that a case is subject to dismissal absent a sufficient explanation to avoid dismissal, particularly in a *pro se* matter when untimeliness is at issue.

April 7, 2023."). Petitioner repeats this assertion in his October 16, 2023 motion. (ECF No. 52 – "petitioner … moves the court for leave to amend this §2255 pleading that was filed on April 7, 2023.) A review of PACER reveals that there is no April 7, 2023 pleading on Petitioner's docket. As such, it would be prudent to first determine whether Petitioner attempted to file an original Section 2255 motion on April 7, 2023, and if so, to obtain a copy of that pleading.

The other issue is an apparent attempt by Petitioner to suggest equitable tolling should apply in his case.[2] Petitioner's three motions contain references to circumstances that are routinely claimed when someone is advancing equitable tolling. *See Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (noting that equitable tolling pauses the statute of limitations when a litigant has pursued his rights diligently but extraordinary circumstances prevent him from bringing a timely action). In Petitioner's motions, he raises issues of being transferred multiple times, of being denied writing supplies and access to a law library and various other alleged hardships that he seems to suggest contributed to his delay in filing his Section 2255 motion. As such, it would probably be prudent to require Petitioner to clarify whether he is requesting equitable tolling or is just identifying reasons that he is now seeking to amend a previously filed pleading that is apparently not in the possession of this Court or of the United States Attorney's Office.

For the above stated reasons, the United States respectfully requests that this Court enter an Order requiring Petitioner to clarify whether he filed an original Section 2255 motion on April 7, 2023, or whether Petitioner is seeking to have this Court apply equitable tolling to his untimely Section 2255 motions. If he claims to have filed an original Section 2255 motion on April 7, 2023, this Court should Order that he file a new copy of that pleading immediately.

---

[2] In *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 905 (2004), the Fourth Circuit explained that equitable tolling is only available in rare instances where external circumstances beyond Petitioner's control prevented a timely filing.

In either situation, the United States requests an extension of time of approximately 30 days to file any required additional response in this case, calculated from the date that Petitioner refiles his allegedly filed motion from April 7, 2023, or from the date that Petitioner clarifies that he is proceeding on the issues raised in his three motions (ECF Nos. 50, 51, and 52) referenced in this Court's October 19, 2023 Order and asking this Court to apply equitable tolling to his late motions.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: /s/

Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3783
Fax: (703) 299-3980
Tony.roberts@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on November 8, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system and will mail a copy of the document to the following *pro se* party:

Jason Steuart Hihn
Inmate No. 521188-509
Federal Correctional Institution
Coleman FLL Low
PO Box 1031
Coleman, FL 33521

/s/

Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3783
Fax: (703) 299-3980
Tony.Roberts@usdoj.gov