FILED
MAILROOM
DEC 2 7 2023
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Jason Steuart Hihn
Petitioner
v.
United States of America
Respondent
______________________/

No: 1:21-cr-167

The Honorable Rossie D. Alston Jr.

PETITIONER'S RESPONSE TO THE UNITED STATES' MOTION
REQUESTING CLARIFICATION FROM PETITIONER AND TO EXTEND TIME TO RESPOND TO
PETITIONER'S MOTIONS RELATED TO 18 U.S.C. 2255

The United States has suggested to the court that it seek clarification from petitioner on two issues: 1) whether petitioner claims to have filed a timely §2255 motion on April 7, 2023 or 2) whether peitioner asks for equitable tolling to be applied tohis three motions. The United States also requests an extension of time to respond to petitioner's claims after clarification.

To clarify the petitioner supplies the following statement of facts:

**STATEMENT OF FACTS**

1. Petitioner executed a §2255 Form on March 31, 2023.

2. Petitioner mailed the §2255 Form and supporting conent on April 3, 2023 as indicated on the Certificate of Service, dated April 3, 2023. The package was sent via USPS Priority Mail. The package contained:
   1. §2255 Form
   2. 13 typed pages referenced in the form
   3. Petitioner's exhibits 1 and 2
   4. Certificate of Service dated April 3, 2023

3. Petitioner operated under the belief that the filing has been filed on April 7 because no message was recieved from the court that it could not be filed and the USPS did not return the package.

4. Petitioner's intent was logical and risk-mitigating:
   1. To file a timely §2255 with as many claims as possible
   2. To amend the filing with additional claims by invoking equitable tolling.

5. Petitioner is in possession of the following hand-written documents:

| DATE | PAGES | TITLE |
|---|---|---|
| 12/15/2022 | 32 | Memorandum in Support of 2255 |
| 2/ 3/2023 | 4 | Brady Violations Claims 20, 21, 22 |
| 3/ 7/2023 | 21 | 5th V2 2255 Claims (minor rewording) |
| 3/ 9/2023 | 13 | 2255 Claims - Refector I |
| 3/13/2023 | 19 | 2255 Grounds |
| 3/18/2023 | 20 | Claims 1-5 [mailed, postmarked 3/28, rx'd 4/3] |
| 3/22/2023 | 20 | 2255 Claims 1 to 5 |

6. Petitioner is in possession of an electronic "cop-out" complaining to the mailroom about the lack of USPS Priority Mail tracking numbers. The reply from the mailroom states "The USPS is no longer providing the free tracking numbers for priority mail."

7. Inmates for not have access to PACER and are prohibited from having a copy of their docket sheet.

8. Petitioner did not yet know about the self-addressed envelope return filing service to obtained a "filed" stamp of the document(s).

ANSWER TO THE UNITED STATES' QUESTION

With the above statement of facts it is now possible to answer the question posed by the government. Petitioner **does** claim to have filed a timely §2255 motion on or before April 7, 2023. As such his subsequent motions attempt to augment the original timely filing and justify why it should be allowed. This is the only logical conclusion since petitioner would like his §2255 claims heard by the court, but does not know the liklihood of the court granting an extension of time for equitable tolling is, since he is a pro se layman with no experience in such matters. This filing strategy shows that petitioner was diligently pursuing his rights but that the extrordinary circumstances were impeding his efforts. The revision history of his draft documents listed in fact #5 above show that he was diligently working leading up to his filing.

OFFER TO THE COURT

Fact #5 lists seven documents and shows his drafts started in December of 2022. If the court would need more than the April 3, 2023 Certificate of Service to find petitioner's filing timely and that he was diligently pursuing his

rights, petitoner offers these documents for inspection. Each document shows iterative convergence to what was filed in the April 3 mailing. The March 18, version was mailed out and the envelope has a March 28 postmark and an April 3 delivery date. That may also be provided.

## THE ORIGINAL §2255 FILING

A copy of the original filing is accompanying this response. It consists of the following elements:

1. Petitioner's §2255 Form dated March 31, 2023
2. 13 typed pages referenced in the form
3. Petitioner's exhibits 1 and 2
4. Certificate of Service dated April 3, 2023

## PETITIONER'S RESPONSE FOR AN EXTENSION OF TIME

Petitioner does not object to the motion for more time.

## CONCLUSION

Petitioner requests that his §2255 motion is decided on the merits and is not denied due to someone else's or a machine error between the prison mailbox and the docket.

November 22, 2023

Respectfully submitted,

[signature]

Jason Steuart Hihn, Pro Se
Reg. No. 52188-509
Federal Correctional Complex - LOW
P.O. Box 1031
Coleman, Florida 33521-1031

## CERTIFICATE OF SERVICE

I, Jason Steuart Hihn, sui juris, proceeding pro se, certify that the foregoing is true and correct, and made with my firsthand knowledge pursuant to the penalty of perjury, pursuant to 28 U.S.C. §1746(1), that on the date affixed below, I did forward to the prison authorities for mailing,[1] my

Petitioner's Response to Requesting Clarification & Extension of Time § 2255 motion

for forwarding to the Albert V. Bryan U.S. Courthouse 401 Courthouse Square, 2nd Floor, in Alexandria, VA 22314-5704. Said mailing was properly addressed and did contain the proper amount of pre-paid postage affixed thereto.

It appears that the parties to this action are registered with the CM/ECF Electronic Docketing System, therefore as I am proceeding Pro Se, I ask for service by that means also.

Respectfully submitted this 22 day of November, 2023.

9589 0710 5270 0443 1489 15
Certified Mail Receipt

By: [signature]
Jason Steuart Hihn, Pro Se
Fed. Reg. No. 52188-509
Federal Correctional Complex - LOW
P.O. Box 1031
Coleman, Florida 33521-1031

1 Under the Prison Mailbox Rule, a pro se petitioner's pro se filing is deemed filed when it is delivered to the prison authorities for forwarding to the Clerk of the Court. Huston v. Lack, 487 U.S. 266, 268 101 S. Ct. 2379, 101 L.Ed.2d 245 (1988)