Exhibit 1

SENSEI ENTERPRISES, INC.
DIGITAL FORENSICS | INFORMATION TECHNOLOGY | CYBERSECURITY

3975 University Drive, Suite 225, Fairfax, VA 22030
P: 703.359.0700 | F: 703.359.8434 | www.senseient.com

January 12, 2022

# E-DISCOVERY SERVICES ESTIMATE BETWEEN SENSEI ENTERPRISES, INC. AND JASON HIHN (REPRESENTED BY: LAW OFFICE OF PLEASANT S. BRODNAX, III)

## RE: JASON HIHN (4543)

The purpose of this document is to set out the basis on which Sensei Enterprises, Inc.(hereafter "Sensei") will act on your behalf, in respect of your client.

Sensei provides electronic discovery services, which operate in accordance with established procedures. The service is provided in phases, allowing the client to have complete control over the progression of the investigation, and reducing the overall cost to the client.

**Phase 1 – Data Collection and Evidential Assessment**
This preliminary phase provides for the collection of the requested electronically stored information (ESI) and the processing of this data to a point where an initial oral or written summary can be provided. The initial summary will outline the potential significance of any responsive data and, if applicable, detail the work required and the costs to complete the full investigation.

**Phase 2 – Forensic Analysis and Data Production**
This phase allows for the extraction, formatting and organization of the responsive data and its transfer to necessary parties along with an explanation of its relevance.

If applicable, before proceeding to Phase 2, you will be provided with an additional statement that:

* Confirms your requirements with regard to the investigation.
* Details any matters from Phase 1 that are likely to impact these requirements.
* Specifies the work required to complete the investigation.
* Provides estimated costs and times to complete the investigation.

**Phase 3 - Electronic Discovery Processing, Hosting and Document Review**

This phase allows for the creation of a single matter, within a secure cloud-based processing, hosting and review platorm. The data is hosted at redundant data centers within the United States.

*Culled data from the first two phases will be ingested into hosting platform and processed per requirements. Any changes in the estimated data volume will be identified prior to ingestion.
*User access will be granted and the review platform process explained, in accordance with E-Discovery process workflow.
*E-Discovery Consulting will be provided as needed.

**Phase 4 – Expert Report**
This phase allows for the creation of a final, written Expert Report detailing our efforts and findings.

* Sensei requires notification at a minimum of five (5) business days prior to the expected receipt of any Expert Report.

**Phase 5 – Expert Testimony**

This phase allows for Expert Witness Testimony regarding the outcome of our analysis.

* Sensei requires notification at a minimum of thirty (30) business days prior to the expected date of testimony.

## YOUR E-DISCOVERY REQUIREMENTS

We understand from your recent inquiry that:

You are seeking to forensically examine digital media to identify the presence of electronically stored information (ESI) that may be used in litigation proceedings. Specifically, you are seeking to:

| Requirements |
|---|
| Travel onsite to Manassas FBI office for forensic review of one mobile phone per counsel's inquiry. |

We further understand that:

* The analysis will occur on the following digital media to be / previously provided to Sensei:

| Items |
|---|
| One (1) Mobile Phone Collection |

* The media has been taken out of use and secured.

## SCOPE OF WORK

In performing this/these phase(s) of the investigation we will:

**PHASE 1**

* Complete Chain of Custody documentation for any submitted media.
* If applicable, conduct an external and internal examination of the media and document accordingly.
* Collect the requested electronically stored information (ESI).
* Process the collected data.
* Perform an initial assessment of the data to identify whether there may be items responsive to your inquiry.
* Provide an initial summary (oral and/or written) of our findings.
* If applicable, provide an estimate of costs and times for the next phase(s) of the investigation.

**PHASE 2**

* Extract, format and produce items responsive to your inquiry.
* Transfer responsive items to authorized parties along with an explanation of their relevance.

**We have assumed:**

* The media is in working order.
* The data is in a recognizable, uncorrupted, non-password-protected, and unencrypted format.

**CHARGE RATES**

Our fees are based upon the degree of responsibility, skill involved and the time spent on the investigation.

Unless otherwise noted, the below listed fees are based on our Standard service level:

* $50.00 recurring, monthly bailment fee *(for the continued storage of electronic evidence associated with the case)*.
* ≈$100.00 per storage device fee *(to store collected data and/or work product)*.
* $100.00 per device diagnostic fee (only applicable for mobile device examinations / data recovery).
* $350.00 per hour fee, per tasked digital forensic examiner (DFE).
* $175.00 per hour travel fee, per tasked digital forensic examiner (DFE).
* $0.56 per mile traveled *(or IRS rate then applicable)*.

**ESTIMATED COST / RETAINER AMOUNT AND COMPLETION TIME**

You will be billed for the actual time taken to complete the work, volume of data hosted and any materials used. However, based upon our experience and the information provided, the estimated cost, retainer amount and completion times for the work described are outlined below.

| Estimated Cost and Retainer Amount | | Est. Completion Time |
|---|---|---|
| $4,260.00 | | 6 to 9 Business Days |

Estimates of costs and completion times for the work described, unless otherwise noted, includes the following services (Monthly recurring charges are highlighted):

| Service | Rate | Est. Itemized Cost | Estimated Total Cost |
|---|---|---|---|
| **Onsite / Remote Work** | Standard | $3,500.00 | 1 DFE @ 10 Hour(s) Onsite |
| *Equipment / Materials Preparation* | Standard | $40.00 | $3,750.00 |
| *Travel Expenditures* | N/A | $210.00 | |
| **Evidential Assessment** | | | $130.00 |
| *Report / Materials Review* | Standard | $130.00 | |
| **Data Production** | N/A | $350.00 | $350.00 |
| **Project Management** | N/A | $30.00 | $30.00 |

Estimates of costs and completion times for the work described, unless otherwise noted, <u>does not</u> include:

* Incidental expenses including: shipping, correspondence, telephone communications, and meetings with the client/attorney.
* Emergency forensic services provided outside of regular business hours or with less than 24-hours notice.

Any delay due to legal process that is beyond our control and/or any work required beyond that indicated in the quote that could not have reasonably been foreseen by Sensei, may result in the estimated costs and completion times being revised accordingly.

**SHIPPING AND HANDLING**

All media should be well insulated and securely packaged, so as to avoid damage while in transit. A reputable courier with the ability to track the shipment should be used. Packages are to be addressed to:

Sensei Enterprises, Inc.
Digital Forensics Division
3975 University Dr.
Suite 225
Fairfax, VA 22030
703-359-0700

Sensei shall assume no responsibility for the condition of the client's shipped materials until received at our premises. This responsibility shall return to the client upon being notified by Sensei that the client's materials are available for collection.

**FORENSIC SERVICES AGREEMENT**

An Electronic Discovery Services Agreement must be completed and returned to Sensei, along with any required retainer, before any work can commence.

Unless otherwise noted, the terms outlined in this estimate are valid for thirty days from the date of issuance.

I hereby acknowledge the receipt and acceptance of this estimate and its terms and conditions, and I authorize Sensei to perform the outlined work.

1 February 2022
DATED

**JASON HIHN (REPRESENTED BY: LAW OFFICE OF PLEASANT S. BRODNAX, III)**

BY: Pleasant S. Brodnax III
SIGNATURE

PLEASANT S. BRODNAX, III
PRINTED NAME

ATTORNEY
TITLE

Michael C. Maschke
Chief Executive Officer
AUTHORIZATION

Exhibit 1

SENSEI ENTERPRISES, INC.
DIGITAL FORENSICS | INFORMATION TECHNOLOGY | CYBERSECURITY

3975 University Drive, Suite 225, Fairfax, VA 22030
P: 703.359.0700 | F: 703.359.8434 | www.senseient.com

January 12, 2022

# E-DISCOVERY SERVICES AGREEMENT

This agreement is made by and between SENSEI ENTERPRISES, INC., an independent contractor (hereafter "SENSEI"), whose address is 3975 University Dr., Suite 225, Fairfax, VA 22030 and:
JASON HIHN (REPRESENTED BY: LAW OFFICE OF PLEASANT S. BRODNAX, III)
(hereafter "CLIENT"), whose representor's address is: 1701 Pennsylvania Ave, N.W, STE 200, Washington,
The client matter is: ***JASON HIHN (4543)***
SENSEI is being retained by CLIENT'S legal counsel to provide services for use on behalf of CLIENT.

**1. SERVICES AND BILLING.** SENSEI agrees to perform such digital forensics, data processing and hosting, expert witness and/or data recovery services as may be requested by CLIENT in consideration for the payment of any applicable hourly rates enumerated below,

Maschke, Simek or Nelson - $400.00 per hour Digital Forensic Examiner - $350.00 per hour

Data Recovery - $100.00 diagnostic fee / $350.00 per hour
E-discovery Matter Management - $250.00 per hour

as well as all reasonable, documented, out-of-pocket costs and materials. Travel time is billed at half the applicable hourly rate from the point of leaving SENSEI's office until the point of return. CLIENT is responsible for payment of all reasonable travel expenses, including, but not limited to: transportation, parking, accommodations, meals and mileage (at the then current IRS rate).

SENSEI provides emergency forensic services outside of regular business hours at CLIENT's request or, if necessary, to meet a CLIENT or court deadline. Work performed before 8:30 a.m. or after 5:30 p.m. Monday-Friday, on observed holidays, or on weekends shall be billed at 1.5 times the applicable hourly rate. Responses to service requests where less than 24 hours' notice is given, is also subject to being billed at this rate.

SENSEI will request a pre-payment retainer for the total estimated costs associated with the scope-of-work. Labor charges will be billed against the retainer. If a retainer has been exhausted, SENSEI will estimate the amount of labor remaining to be performed and will require pre-payment of that amount. Unless otherwise stated, 30% of a retainer is non-refundable, however, any unused portion of monies, beyond this retainer stipulation, is fully refundable.

Payment is due within 30 days of monthly invoicing. An interest charge of 1.5% per month ($10.00 minimum) shall be applied to all unpaid balances. If payment is delinquent, SENSEI reserves the right to refuse to perform additional services until the account is brought current. Any disputed charge must be brought to SENSEI's attention within 30 days of receipt of the invoice. Unless this has been done, the charge is deemed valid.

**2. DATA PROCESSING, HOSTING AND DOCUMENT REVIEW.** CLIENT may request SENSEI to perform electronic discovery services. SENSEI will provide a cost estimate of these services for approval. SENSEI utilizes a secure third-party cloud-based platform for processing, hosting and document review. Most of the costs associated with this solution are recurring monthly fees based on the volume of data or requested features. Sensei will charge the CLIENT for the exact volume of data as reported by the solution. CLIENT must give SENSEI 30 days written notice prior to the date on which the hosted matter will be archive or closed. SENSEI will invoice CLIENT up until the day the services end. At the conclusion of the matter, data within the platform may be securely destroyed or archived and returned to CLIENT. CLIENT is responsible for any associated costs for the closing of the database, such as media, labor and shipping of materials. The same terms described in the BILLING section above apply to these services as well.



JH

**3. SUBPOENAS, DEPOSITIONS, ETC.** Notwithstanding any other provision herein, in the event a SENSEI employee is called to testify in connection with any matters pertaining to this engagement or services performed hereunder, SENSEI's time spent in transit to and from, preparation for, attendance upon and giving of such testimony shall constitute consulting services for CLIENT pursuant to this Agreement and SENSEI will be compensated pursuant to the previously defined rates. Payment must be made prior to SENSEI's appearance at a deposition or in court. As used in this paragraph, "called to testify" includes, but is not limited to, testimony in court, grand jury or congressional testimony, deposition testimony, responding to or resisting interrogatories, responding to or resisting other forms of written discovery, appearances pursuant to a subpoena, and testimony affidavit and/or sworn statement.

**4. BAILMENT FEE.** CLIENT will be assessed a recurring, monthly bailment fee of $50.00 for the continued storage of electronic evidence associated with each case that remains in SENSEI's custody. If the volume of evidence requires a higher bailment fee, CLIENT will be so advised. CLIENT is responsible for advising SENSEI when it no longer requires evidence to be retained by SENSEI and what actions CLIENT would like SENSEI to take with respect to such items; i.e. destroy or release them. CLIENT will be billed for actual shipping charges to return the evidence, if that option is selected by CLIENT. If CLIENT does not provide SENSEI with instructions regarding the retention of evidence and SENSEI is unable to obtain such instructions from CLIENT after a reasonable effort, SENSEI reserves the right to destroy evidence in its control.

**5. THIRD PARTY SERVICES.** CLIENT shall be responsible for payment of all costs incurred for all third party services necessary to the fulfillment of this Agreement. SENSEI agrees to notify CLIENT in advance if such services are reasonably necessary to fulfill its obligations under this Agreement.

**6. WARRANTY OF LAWFUL ACCESS.** CLIENT warrants that any media tendered or made available to SENSEI for preservation or examination and any access granted to any system or network has been lawfully obtained, in full compliance with all applicable statutes and regulations, as well as any orders, rules or policies of any court or agency of competent jurisdiction.

**7. PASSWORDS.** An employer may give permission to view the password-protected information of an employee. However, in other situations, including family law actions, it is necessary to secure a court order to view password protected data. If there is a "power- on" password for a phone, computer or some other device, a court order will be required to analyze any material on the device. However, if the device constitutes marital property, it is possible to preserve the evidence prior to securing the court order.

**8. CONFIDENTIALITY.** To the extent that SENSEI is granted access to trade secrets or other confidential information and materials of CLIENT, SENSEI agrees to hold such secrets, information, and materials in confidence, unless disclosure is required by a court order, subpoena, or order of a governmental entity, provided that SENSEI gives CLIENT prompt written notice of the receipt of any such order or subpoena.

**9. CHILD PORNOGRAPHY.** In the event that a forensic examination reveals the existence of possible child pornography on the examined media, SENSEI will immediately cease its examination and advise CLIENT and appropriate law enforcement authorities of the nature of the materials found. SENSEI will not actively search for child pornography unless instructed to do so by CLIENT or CLIENT's counsel, however, it is possible that SENSEI may inadvertently come across contraband images. If we are engaged by the defense in a child pornography case, please note that federal law requires that our examination is done on law enforcement premises. This invariably is more expensive, but there is no legal alternative under current law.

**10. EXCLUSION OF LIABILITY.** SENSEI is not responsible for any failure or delay in providing services due to an act of God, war, fires, explosions, equipment failure, or any cause beyond the reasonable control of the company.

**11. SERVICES PROVIDED BY SHARON D. NELSON, ESQ.** Please note that, although Ms. Nelson is an attorney and frequently provides litigation support services through SENSEI, there is no attorney-client relationship between CLIENT and Ms. Nelson, and consequently, no attorney-client privilege is applicable.

**12. GOVERNING LAW.** This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia.

**13. INVALIDITY OF PROVISIONS.** If any of the provisions of this Agreement are held by a court of competent jurisdiction to be invalid or unenforceable, all other provisions shall nonetheless continue in full force and effect.

**14. SUCCESSORS AND ASSIGNS.** All of the provisions herein shall be binding on and inure to the benefit of the successors, heirs, and assigns of the parties.

**15. ENTIRE AGREEMENT.** This Agreement (along with any Attachments hereto which are referenced in this Agreement) constitutes the entire understanding between the parties, superseding all prior or contemporaneous understandings or agreements, written or oral.

**16. NOTICES.** Any notices or other communications required under this Agreement will be sent to the addresses the parties have set forth above.

**17. ENFORCEMENT.** The parties agree that in the event of litigation relating to the subject matter of this Agreement, that any litigation expenses, including but not limited to attorney fees and costs, reasonably incurred by the prevailing party in litigation shall be reimbursed by the non-prevailing party. The parties agree that any litigation relating to the subject matter of this Agreement shall be sited in Virginia.

**18. WITHDRAWAL.** Failure to abide by the payment terms of this Agreement may result in SENSEI's withdrawal from representation of CLIENT.

**19. MODIFICATION OF AGREEMENT.** No modification or waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all parties.

**20. CERTIFICATION.** If this Agreement is signed by an attorney, the attorney's signature will operate as the attorney's certification that this Agreement has been reviewed and understood by the CLIENT, who agrees to all of its terms.

**IN WITNESS WHEREOF**, the parties have signed this Agreement on the date set forth below.

| | |
|---|---|
| ______________________ | 1 FEBRUARY 2022 |
| DATED | DATED |
| **SENSEI ENTERPRISES, INC.** | **JASON HIHN (REPRESENTED BY: LAW OFFICE OF PLEASANT S. BRODNAX, III)** |
| **BY:** | **BY:** Pleasant S. Brodnax III |
| SIGNATURE | SIGNATURE |
| Michael C. Maschke | PLEASANT S. BRODNAX, III |
| PRINTED NAME | PRINTED NAME |
| Chief Executive Officer | ATTORNEY |
| TITLE | TITLE |
| | ______________________ |
| | FIRM / COMPANY |
| | PLEASANT.BRODNAX@GMAIL.COM |
| | E-MAIL ADDRESS |