**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 1:21-cr-167 (RDA)** |
| | ) | |
| **JASON STEUART HIHN,** | ) | |
| **Petitioner.** | ) | |

# DECLARATION OF PLEASANT S. BRODNAX, III

I, Pleasant S. Brodnax, III, declare as follows:

1. I have been licensed to practice law before the U.S. District Court for the Eastern District of Virginia since 1991.

2. I submit this declaration pursuant to an Order of this Court [Doc 66], finding Petitioner has waived the attorney-client privilege as to the issues covered by the allegations raised in his petition, filed pursuant to 28 U.S.C. § 2255. The Order directs counsel to submit a declaration addressing claims made in the petition.

3. The Petitioner alleges ineffective assistance of counsel as follows:

   a. Counsel failed to assert an entrapment defense;
   b. Counsel failed to have a psychological evaluation completed in time for Petitioner to consider its findings before deciding whether to accept the plea agreement;
   c. Counsel failed to have a forensic report of Petitioner's phone completed in time for Petitioner to decide whether to accept the plea agreement;
   d. Counsel failed to ask the United States for exculpatory evidence relating to the location of child pornography on Petitioner's phone, prior to Petitioner deciding whether to accept a plea agreement; and
   e. Counsel did not advise the Petitioner of his appeal rights.

4. On June 24, 2021, Petitioner was arrested in this case. On July 9, 2021, undersigned counsel ("counsel") reviewed the criminal complaint and affidavit and met with the Petitioner for 45 minutes using the Alexandria Sheriff's Office video conference ("ASO").

5. On July 21, 2021, counsel met with Petitioner for 90 minutes at the Alexandria Detention Center ("ADC").

6. On July 22, 2021, counsel was engaged to represent Petitioner in the proceedings. On July 23, 2021, counsel entered his appearance. On July 26, 2021, counsel reviewed text messages between the Petitioner and the undercover law enforcement agent ("undercover agent"), consulted with Petitioner regarding arraignment, and consulted with the United States regarding additional discovery.

7. On July 27, 2021, counsel consulted with Petitioner and Petitioner's parents by telephone. On July 28, 2021, counsel met with Petitioner for 45 minutes using the ASO regarding arraignment and the nature of the text messages between Petitioner and the undercover agent. Petitioner's chat messages with the undercover agent were discussed with him.

8. On July 29, 2021, counsel met with Petitioner in the U.S. Marshals Cellblock prior to his arraignment and appeared with Petitioner at arraignment before the Honorable Liam O'Grady.

9. On July 31, 2021, counsel met with Petitioner for 90 minutes at the ADC to discuss proposed conditions of release.

10. On August 2, 2019, counsel filed a motion to set conditions of release. In accordance with the recommendation of U.S. Pretrial Services for home detention, and a special condition that Petitioner undergo an evaluation and treatment by a certified sex offender treatment provider, counsel arranged for Petitioner to be evaluated and treated by Dr. Fred Berlin, Director, National Institute for the Study, Prevention and Treatment of Sexual Trauma during any pretrial release. On August 2, 2021, counsel consulted with Petitioner, and Petitioner's parents regarding the bond hearing.

11. On August 3, 2021, counsel reviewed additional discovery at the United States Attorney's Office ("USAO") for approximately 75 minutes in preparation for the bond hearing.

12. On August 4, 2023, counsel consulted Petitioner by telephone.

13. On August 5, 2021, for several hours, counsel reviewed the USAO's response to Petitioner's bond motion, prepared a reply, consulted with Petitioner several times and with Petitioner's mother regarding the bond hearing.

14. On August 6, 2021, counsel appeared with Petitioner at his bond hearing and argued that conditions of release could be fashioned to insure the safety of the community and Petitioner's appearance at future court proceedings. The motion was denied.

15. On August 9, 2021, counsel consulted by telephone with Petitioner on two occasions. On August 16, 2021, counsel consulted with the Petitioner regarding the standard discovery order.

16. On August 17, 2021, counsel reviewed the discovery materials relating to the applications for the search warrants and the orders relating to the search and seizure of information from devices taken from Petitioner.

17. On August 19, 2029, counsel consulted with Petitioner by telephone and discussed, among other things, a proposed evaluation by Dr. Fred Berlin. The Court had already decided against conditions of release, which would have included treatment with Dr. Berlin. As such, counsel discussed with Petitioner the purpose of the proposed evaluation, to determine whether Petitioner suffered from any sexual disorder, and to hopefully demonstrate to a possible sentencing court that Petitioner would not pose a risk to community safety. Berlin Report at p. 1. Counsel had no indication at any stage of the proceedings, nor since, that Petitioner suffered from any intellectual disability or lacked the mental capacity to appreciate the nature of the charges or alleged conduct. Neither Petitioner, nor any of his family members, offered information which indicated Petitioner had suffered from any mental disease or defect, or any condition affecting his powers of perception or understanding. Prior to his arrest, Petitioner was employed as a artificial intelligence automation engineer with a software company in Baltimore, Maryland. PSR ¶ 90.

18, On August 26, 2021, counsel reviewed unredacted discovery for 120 minutes at the USAO.

19. On August 30, 2021, counsel consulted by telephone with Petitioner and shared the discovery review at the USAO, which included a viewing of the photos previously redacted in the discovery.

20. On September 14, 2021, counsel consulted by telephone with Petitioner .

21. On September 15, 2021, counsel consulted by telephone with Petitioner for 70 minutes. Based on the review of discovery and previous conversations, Petitioner requested counsel research issues relating to entrapment in child pornography cases, advice of rights, and cheek DNA. Petitioner also wanted counsel to review chat exchanges between Petitioner and the undercover officer to determine what time frame was referenced by Petitioner in chat exchanges with the undercover officer where Petitioner described a (fabricated) sexual act with a dog, a woman, and an infant.

22. On September 16, 2021, counsel met with Petitioner for 45 minutes using the ASO. Petitioner's chat messages with the undercover agent were shared with him.

23. On September 20, 2021, counsel met with Petitioner for 45 minutes using the ASO. Petitioner's chat messages with the undercover agent were shared with him.

24. On September 24, 2021, counsel met with Petitioner for 120 minutes using the ASO. Chat messages with the undercover agent were shared with Petitioner.

25. On September 28, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel also sent an email to Petitioner's parents regarding a possible evaluation by Dr. Berlin.

26. On September 29, 2021, after consulting with Petitioner, counsel conducted legal research, and reviewed 31 Fourth Circuit cases relating to law enforcement's use

of fictitious minors and enticement of minors.[1] Many of the cases also addressed the defense of entrapment in enticement cases, including the refusal of courts to give an entrapment jury instruction. These cases, and their reasoning, were discussed with Petitioner. Later, on October 20, 2021 and November 23, 2021, counsel also consulted with trial counsel in *United States v. Brown*, (Unpublished, No 16-4400, decided March 16, 2017)(EDVA 1:15-cr-00342-LO-1), in which Petitioner's then-trial judge, the Honorable Liam O'Grady, had refused to give an entrapment jury instruction. Based on the facts of Petitioner's case, including the nature and extent of Petitioner's chat exchanges with the undercover agent regarding his desire to have sex with an infant and an 11-year old girl, his purchase of a princess costume for the 11-year old, and his travel from Baltimore, Maryland to Arlington, Virginia for the purported purpose of

---

[1] *U.S. v. Engle*, 676 F.3d 405 (2012); *U.S. v. Fugit*, 703 F.3d 248 (2012); *United States v. Clarke*, 842 F.3d 288 (2016), *United States v. Kaye*, 243 Fed.Appx. 763 (Unpublished, No 06-5277, 4th Cir.); *United Sates v. Kaye*, 451 F.Supp.2d 775 – (EDVA) (2006); *United States v. Kokayi* , 2019 WL 2028517 – (EDVA); *United States v. Harris*, 991 F.3d 552 (2020); *United States v. Fernando*, 291 Fed.Appx. 494 (2008); *United States v. Haas*, 986 F.3d 467 (2021); *United States v. Kemache–Webster*, 497 Fed. Appx. 339 (2012); *United States v. Kelly*, 510 F.3d 433 (2007); *Jeffries v. United States*, 2018 WL 4903267 – (EDVA); *Underwood v. United States*, 2019 WL 9406534 (SDWV)(2019); *United States v. Brown*, (Unpublished, No 16-4400, EDVA, Decided March 16, 2017)(O'Grady); *Coogle v. United States*, 2020 WL 8484871 – (SDWV)(2020); *United States v. Banker*, 876 F.3d 530 (2017); *United States v. Fugit*, 296 Fed.Appx. 311 (2008); *United States v. Phillips*, 2009 WL 10711323 – (NDWV); *United States v. Kelly*, 322 Fed.Appx. 275 (2009); *Moore-Powell v. United States*, 2021 WL 2317865 (2021); *United States v. Kokayi*, 2019 WL 2997384 – (EDVA); *United States v. Vanderhorst*, 2 F.Supp.3d 792 (DSC, Charleston Division)(2014); *United States v. Malloy*, 568 F.3d 166 (2009); *United States v. Battle*, 695 Fed.Appx. 677 (Unpublished, No. 16-4378, 4th Cir., Decided June 8, 2017); *United States v. Brown*, 2016 WL 3552218 – (EDVA); *Coogle v. United States*, 2021 WL 126206 (SDWV); *United States v. Curry*, 482 Fed.Appx. 781 (Unpublished, No 11-4958, 4th Cir., Decided May 25, 2012); *United States v. Kokayi*, 2021 WL 3733010 – (4th Cir.); *United States v. Ransier*, 717 Fed.Appx 359 (Mem) (Unpublished, No. 17-4414, 4th Cir., Decided April 4, 2018); *Vinci v. United States,* 2017 WL 1954541 (WDNC); *United States v. Hooper*, 2020 WL 7777481 (EDVA).

engaging in the sexual conduct, counsel expressed reservations that the defense could establish a requisite basis to persuade Judge O'Grady to give an entrapment jury instruction.

27. On October 5, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel discussed the legal theories supporting the holdings in the researched cases.

28. On October 5, 2021, counsel emailed Dr. Berlin the evaluation packet completed by Petitioner's parents and counsel, and a check for services, said funds having been wired to counsel by Petitioner's parents the preceding day, on October 4, 2021.

29. On October 7, 2021, counsel met with the Petitioner for 45 minutes using the ASO. Counsel shared with Petitioner the holdings in *United States v. Hite*, 769 F.3d 1154 (D.C. Cir. 2014)(reversal of a conviction for 18 U.S.C. 2422(b)) and a then-recent decision in *United States v. Hillie*, (D.C. Cir Case 19-3027, decided September 17, 2021)(reversal of convictions for 18 U.S.C. §§ 2251(a), 2251(e), and 2252(a)(4)(B)).

30. On October 15, 2021, counsel met with Petitioner for 45 minutes using the ASO.

31. On October 18, 2021, counsel met with Petitioner for 45 minutes using the ASO.

32. On October 20, 2021, counsel consulted with trial counsel in *United States v. Brown*, 1:15-cr-00342-LO-1, (the "*Brown* case").

33. On October 21, 2021, counsel met with Petitioner for 45 minutes using the ASO.

34. On October 26, 2021, counsel met with Petitioner for 45 minutes using the ASO.

35. On October 27, 2021, counsel reviewed discovery for 4.5 hours at the USAO.

36. On October 28, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel shared with Petitioner the results of his discovery review at the USAO.

37. On November 3, 2021, counsel met with Petitioner for 105 minutes using the ASO. Counsel and Petitioner discussed the proposed plea agreement, the statement of facts, the mandatory 10-year sentence, the application of the sentencing guidelines, and the risks inherent in a trial.

38. On November 4, 2021, counsel met with Petitioner for 45 minutes using the ASO.

39. On November 9, 2021, counsel reviewed the trial transcript for the *Brown* case.

40. On November 10, 2021, counsel and Petitioner reviewed discovery at the USAO for approximately 5 hours. The review included the chat exchanges, images included in his chats, and the images on his device. Counsel took notes with respect to the images and file names.

41. On November 12, 2021, counsel met with Petitioner for 45 minutes using the ASO.

42. On November 14, 2021, counsel consulted with Petitioner's father and reviewed materials prepared by Petitioner's father.

43. On November 16, 2021, counsel met with Petitioner for 45 minutes using the ASO.

44. On November 18, 2021, counsel met with Petitioner for 105 minutes using the ASO. Counsel also consulted with Dr. Fred Berlin regarding the interview for Petitioner evaluation.

45. On November 23, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel consulted with trial counsel in the *Brown* case. Counsel also

communicated with the USAO regarding the USAO position with respect to the number of relevant images for sentencing purposes.

46. On November 24, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel shared with Petitioner the USAO position with respect to the number of images for sentencing purposes. Counsel explained under the Application Notes to 2G2.2 of the Guidelines, the 2 videos on his device would alone account for 150 images, without any reference to the photographic images on his device.

47. On November 25, 2021, counsel reviewed chat exchanges, and cases defining terms "lascivious" contained in "sexually explicit conduct" language of in 18 U.S.C. §2256(2)(A).

48. On November 28, 2021, counsel reviewed the trial transcript from the *Brown* case, pleadings and jury instructions in other EDVA child pornography cases.

49. On November 29, 2021, counsel met with Petitioner for at least 105 minutes using the ASO. Counsel explained to Petitioner how the images on his device fit within the definitions of "sexually explicit conduct" and "lascivious exhibition". It should be noted that on November 10, 2021, Petitioner physically viewed the images at the USAO with counsel. Counsel discussed the application of the sentencing guidelines with respect to the proposed plea agreement. Petitioner indicated his desire to move forward with the plea agreement, but wanted to determine whether Sensei Enterprises could offer any useful assistance with respect to the number of images that he might have unknowingly downloaded on the device.

50. On November 30, 2021, counsel consulted telephonically with Petitioner. Following that conversation, counsel emailed the USAO with respect to a review of additional chat exchanges between Petitioner and the undercover officer. Counsel also communicated Petitioner's desire to accept the plea agreement, but his desire to have Sensei Enterprises review the phone.

51. On December 1, 2021, counsel met with Petitioner for at least 45 minutes using the ASO. Among the items discussed were a modification of the plea agreement by removing the guidelines factors from the agreement and arguing the guidelines at sentencing.

52. On December 4, 2021, Dr. Berlin interviewed the Petitioner.

53. On December 4, 2021, counsel prepared a memorandum with respect to the application of 18 U.S.C. §2422(b), attempted enticement of a minor, and distinguished a D.C. Circuit case.

54. On December 5, 2021, counsel met with Charles Hihn (in person) and Petitioner (by telephone for approximately 120 minutes) for a period of three hours. The following topics, among others, were discussed: the facts of the case; Dr. Berlin's interview of the Petitioner; a defense request to the USAO to change the plea agreement to delete the reference to the guidelines range; and the mandatory minimum 10-year sentence to one of the counts. Toward the end of the discussion, Petitioner advised his father (after having already advised counsel days before) the he would accept the plea agreement. Petitioner never indicated his acceptance was contingent on the receipt of either Dr. Berlin's report or a forensic analysis from Sensei Enterprises.

55. On December 6, 2021, counsel notified the USAO that Petitioner would accept the plea agreement, with the modification of removing the guidelines calculations.

56. On December 7, 2021, counsel consulted with Dr. Berlin regarding the evaluation, Philip DePue regarding a possible device analysis by Sensei Enterprises, and David Smith, an attorney with specific expertise in the law of forfeiture.

57. On December 10, 2021, counsel conducted a conference call with Petitioner, the Petitioner's father, and attorney David Smith relating to forfeiture issues.

58. On December 14, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel discussed Dr. Berlin's conclusions, which were thought to be helpful at sentencing.

59. On December 15, 2021, the USAO filed a superseding Information in anticipation of the scheduled plea hearing.

60. On December 16, 2021, counsel met with Petitioner for 45 minutes using the ASO. Counsel and Petitioner discussed the plea hearing scheduled for the next day.

61. On December 17, 2021, Petitioner appeared before the Honorable Leonie M. Brinkema and entered a plea of guilty, pursuant to a revised plea agreement and a superseding information.

62. On December 28, 2021, counsel met with Petitioner for 45 minutes using the ASO.

63. On January 12, 2022, Sensei Enterprises provided counsel an estimate to examine Petitioner's device.

64. On January 20, 2022, counsel communicated with Petitioner's father regarding items needed for the sentencing submission.

65. On January 25, 2022, counsel met with Petitioner for at least 45 minutes using the ASO.

66. On January 28, 2022, counsel forwarded Sensei Enterprise estimate and proposal to Petitioner's father.

67. On January 31, 2022, counsel met with Petitioner for at least 105 minutes using the ASO. Later that day, counsel consulted with Sensei and other counsel with specific expertise in forensics in child pornography cases.

68. On January 31, 2022, counsel also advised Petitioner's father that counsel would endorse the Sensei Enterprises contract, provided Petitioner's father would remit the necessary proceeds for the expense. Counsel endorsed the agreement and forwarded the document to Sensei Enterprises with the requested fee.

69. The Sensei Enterprises agreement contracted expert services for Phase 1 – (Data Collection and Evidential Assessment) and Phase 2 – (Forensic Analysis and Data Production). The contract did not include Phase 3 – (Electronic Discovery Processing, Hosting and Document Review), Phase 4 – (Expert Report), or phase 5 – (Expert Testimony).

70. On February 4, 2022, counsel consulted with Dr. Berlin regarding his findings following his interview with Petitioner. Counsel emailed Dr. Berlin documents he requested following his interview with Petitioner.

71. On February 7, 2022, counsel met with Petitioner and U.S. Probation Officer Jennifer Lyerly by ZoomGov for Petitioner's presentence interview.

72. On February 16, 2022, Dr. Berlin provided the evaluation report to counsel.

73. On February 21, 2022, counsel met with Petitioner for at least 105 minutes using the ASO. Counsel shared Dr. Berlin diagnoses and conclusions with Petitioner.

74. On March 1, 2022, counsel met with Petitioner for at least 105 minutes using the ASO. Counsel also consulted with the USAO regarding Sensei Enterprises review, consulted with U.S. Probation officer Lyerly regarding the presentence report, and consulted with Dr. Berlin's office regarding the evaluation report.

75. On March 9, 2022, counsel met with Petitioner for 45 minutes using the ASO.

76. On March 15, 2022, counsel met with Petitioner for 45 minutes using the ASO.

77. On March 16-17, 2022, Sensei Enterprises collected data and conducted forensic analysis on Petitioner's device, which was located at an FBI facility in Manassas, Virginia.

78. On March 18, 2022, counsel met with Petitioner for 45 minutes using the ASO.

79. On March 18, 2022, counsel consulted with Dr. Berlin regarding the evaluation report.

80. On March 23, 2022, counsel consulted with Philip DePue, Sensei Enterprises regarding the forensic review of the device.

81. On March 25, 2022, counsel consulted with Philip DePue, Sensei Enterprises regarding the forensic review of the device.

82. On March 30, 2022, Petitioner and counsel met for 45 minutes using the ASO. Mr. DePue was also on the call and answered questions posed by Petitioner and counsel. Petitioner viewed documents on the shared screen which were produced by Sensei's forensic analysis. Mr. DePue explained that many of the images were in locations consistent with user activity and not automatic downloads, such as non-default subfolders, which the government could argue showed organization and, therefore, knowledge of the user. Thus, any expert report would not have been helpful to the notion that Petitioner was unaware of the images. Counsel also noted that the two videos would account for 150 images for guidelines purposes.

83. On March 30, 2022, counsel also consulted with U.S. Probation Officer Lyerly regarding the number of images listed in the presentence report.

84. On April 1, 2022, counsel met with Petitioner for 45 minutes using the ASO.

85. Between March 31, 2022 and April 3, 2022, counsel prepared Petitioner's Position with Respect to Sentencing Factors.

86. On April 4, 2022, counsel filed (1) the Position with Respect to Sentencing Factors, (2) character letters for Petitioner, (3) Dr. Berlin's report, (4) a memorandum from MCM Data Consulting, containing a federal sentencing data analysis, based on data provided by the U.S. Sentencing Commission from each judicial district in the country, and (5) a sentencing chart containing information relevant to the sentencing factor contained in 18 U.S.C. §3553(a)(6), avoiding unwarranted sentencing disparities for similarly situated defendants.

87. On April 5, 2022, counsel met with the Petitioner for 45 minutes using the ASO.

88. On April 7, 2022, counsel met with the Petitioner for 45 minutes using the ASO.

89. On April 8, 2022, counsel appeared with Petitioner at sentencing and argued for a variance from the advisory guidelines range of 168 months to 210 months, and a mandatory 10-year sentence as to Count One. The Court imposed terms of imprisonment of 132 months with credit for time served as to Count One, and 63 months as to Count Two, to run concurrently, with a ten year supervised release term.

90. Following sentencing, counsel spoke with Petitioner by telephone. Counsel never advised Petitioner the Judgment Order would be filed in 10 to 14 days. Petitioner never indicated, in any way or manner, that he wanted to appeal his conviction or sentence. Petitioner asked counsel to advise Petitioner's mother that he would call her. On April 10, 2022, counsel so advised Petitioner's mother. In subsequent emails, Petitioner's parents never indicated Petitioner wanted to appeal either his conviction or sentence. The only matters discussed were forfeiture issues, discovery documents, and the balance due to Sensei Enterprises.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 20, 2024

By: Pleasant S. Brodnax III
Pleasant S. Brodnax, III