IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JASON STEUART HIHN, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Case No. 1:21-CR-167 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | The Honorable Rossie D. Alston, Jr. |
| | ) | |
| Respondent. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

The United States of America, through undersigned counsel, files this Response in Opposition to Petitioner Jason Steuart Hihn's Motion to Vacate under 28 U.S.C. § 2255 ("Motion") and Memorandum of Law in Support of 2255 Motion ("Memorandum"). The United States respectfully requests that this Court deny Petitioner's Motion without holding an evidentiary hearing for the following reasons: first, Petitioner's Motion is barred by the statute of limitations; second, Petitioner's claim that he received ineffective assistance of counsel from his attorney is belied by the record and has no merit; third, Petitioner's claim that his sentence violates federal law is refuted by clear case law; and fourth, Petitioner fails to make a valid claim of actual innocence.

## I. PROCEDURAL HISTORY AND BACKGROUND

On December 17, 2021, Petitioner Jason Steuart Hihn ("Petitioner"), after consultation with his counsel, signed a waiver of indictment and pled guilty to one count of attempted enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF Nos. 28, 29, 30.

Petitioner pled guilty pursuant to a written plea agreement. ECF No. 30. The factual basis for Petitioner's guilty plea was described in a statement of facts filed on December 17, 2021. *See* ECF No. 31. Petitioner signed both the statement of facts and the plea agreement, as did defense counsel and counsel for the United States. Petitioner was represented by counsel, Pleasant Sanford Brodnax, III, of the Law Office of Pleasant S. Brodnax, III.

On April 8, 2022, this Court sentenced Petitioner to 132 months of incarceration with credit for time served as to his attempted enticement of a minor, 63 months of incarceration to be served concurrently as to his possession of child pornography, and ten years of supervised release. ECF No. 40. The judgment was entered the same day. ECF No. 44. There was no appeal in this case.

No Section 2255 motion appears filed on the docket. However, on June 12, 2023, Petitioner, proceeding *pro se*, filed a motion for extension of time to file an emended Section 2255 motion. ECF No. 50. Petitioner also filed two motions to amend, ECF No. 51, filed June 12, 2023, and ECF No. 52, filed October 16, 2023. On October 19, 2023, this Court ordered the United States to respond to Petitioner's motions to amend. ECF No. 53.

Due to the lack of an original Section 2255 motion, the United States filed a motion seeking an extension of time to file a response and requesting clarification from Petitioner on two issues: (1) whether Petitioner claims to have filed a timely Section 2255 motion on April 7, 2023, or (2) whether Petitioner asks for equitable tolling to be applied. ECF No. 55. This Court ordered Petitioner to file a supplemental motion clarifying these two issues, and ordered the United States to file a response to any original Section 2255 motion and other pending motions within 30 days of clarification being made. ECF No. 56.

On December 27, 2023, Petitioner filed a Response to the United States' Motion Requesting Clarification from Petitioner, in which Petitioner stated that he executed a Section 2255 form on March 31, 2023, and mailed the Section 2255 form and supporting contents on April 3, 2023. ECF No. 58. Petitioner subsequently provided a copy of the Section 2255 form he alleges that he mailed on April 3, 2023. ECF No. 61. The United States filed a motion requesting: that this Court find attorney client waiver with respect to the issues covered by Petitioner's allegations in his Section 2255 Petition; that this Court order Mr. Brodnax to submit a declaration to this Court addressing those claims and provide all relevant parts of their client files to the United States; and an extension to respond to the Petition. ECF No. 65. This Court granted that motion. ECF No. 66. Mr. Brodnax filed his declaration on February 20, 2024. Petitioner has submitted various memoranda in support of his Section 2255 claims. *See, e.g.*, ECF Nos. 57, 63, 67. The United States now responds.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may attack his sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a Section 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Brown*, 3:11-CR-63, 2015 WL 965943, at *2 (E.D.Va. March 4, 2015) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

## III. ARGUMENT

Petitioner's original 2255 motion was never filed. However, ECF No. 62 seems to provide a copy of the original 2255 motion, which contends there are five grounds for vacatur. ECF No. 62 at 17-29. Petitioner added two additional grounds in ECF No. 51, and added one more ground for vacatur in ECF No. 52. Therefore, in total, Petitioner argues there are eight grounds for vacatur of his convictions.

Petitioner first argues that his convictions should be vacated because his defense counsel was ineffective. ECF No. 62 at 16. Petitioner's makes numerous – often redundant or overlapping – claims of ineffective assistance of counsel. However, it appears Petitioner's argument is that his counsel was ineffective by: 1) failing to have a forensic report of Petitioner's phone completed before Petitioner accepted the plea agreement; 2) failing to have a psychological evaluation completed before Petitioner accepted the plea agreement; 3) failing to assert an entrapment defense; 4) failing to advise petitioner of his appeal rights; 5) failing to ask the United States for exculpatory and unredacted evidence prior to Petitioner accepting the plea agreement; 6) failing to advise Petitioner on the proper statutory construction of 18 U.S.C. 2422(b); 7) failing to object to the exact number of child pornography images and message pages at sentencing; 8) failing to secure the privacy of Petitioner's conversations with counsel when Petitioner was held at a detention center. Taken together, it appears that Petitioner is claiming that he would have proceeded to trial rather than entered a guilty plea, had he received constitutionally effective assistance from his counsel. *Id.*

In addition to his ineffective assistance of counsel claims, Petitioner argues that his convictions should be vacated because his special conditions of supervised release violate federal

law, ECF No. 62 at 29, and because he is actually innocent of the violation of 18 U.S.C. § 2422(b) to which he freely admitted guilt, ECF No. 52 at 1.

This Court should deny Petitioner's Motion. First, because Petitioner exceeded the one-year statute of limitations for Section 2255 claims, his Motion is time barred. Second, Petitioner's argument that he received ineffective assistance of counsel from his attorneys is conclusory, has no merit, and is rebutted by the evidence in the record. Lastly, Petitioner's conditions of supervised release are permissible, because they comport with 18 U.S.C. §3583(d), and Petitioner's argument of actual innocence is not supported by evidence.

**a. Petitioner's motion is untimely**

As a threshold matter, a prisoner's Section 2255 Motion must be filed timely. Under the law, a prisoner must file his or her Section 2255 Motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For example, "in cases where

prisoners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of [Covid-19], 'prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a [Section] 2255 motion prior to the lockdown.'" *Id.* (quoting *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020).

Here, Petitioner's motion should be denied as time barred. The judgment in this case was entered on April 8, 2022. Because the Petitioner did not appeal his conviction or sentence, his judgment became final, and the one-year statute of limitations period began to run, 14 days later, on April 22, 2022. Thus, Petitioner was required to file his Motion by April 22, 2023. However, Petitioner filed his first motion as an amendment on June 12, 2023, two months after the statute of limitations had passed. ECF No. 51.

Petitioner argues his original Section 2255 Motion was placed in the prison mail system before April 22, 2023, but not filed with this Court due to mail delivery problems. Petitioner provides a copy of his dated Section 2255 form, which declares it was placed in the prison mail system on April 3, 2023. ECF No. 62 at 16. He also cites the "Prison Mail Rule" from *Houston v. Lack*, 487 U.S. 266, 271–72 (1988), which states that pro se pleadings by an incarcerated petitioner are deemed filed on the date they were placed into the prison's official mail system. ECF No. 62 at 4. However, Petitioner has definitively shown he placed his Section 2255 motion in the mail system. Moreover, undersigned counsel has been informed by the Bureau of Prisons that FCI Coleman Low, where Petitioner currently resides, is unaware of any issues with mail

delivery.[1] This suggests that lack of diligence, rather than mail system deliveries, was the cause of Petitioner's failure to timely file his Section 2255 motion with this Court.

Moreover, equitable tolling is not warranted here because delays due to FCI Coleman Low's mail system would not qualify as an extraordinary circumstance warranting equitable tolling. Indeed, "delays caused by the prison mail system—[are] consistent with the ordinary inconveniences experienced by all prisoners." *Rivera v. United States*, 719 F. Supp. 2d 230, 234 (D. Conn. 2010), *aff'd,* 448 F. App'x 145 (2d Cir. 2011). Ordinary inconveniences, such as an inability to speedily secure or send court documents "do not by themselves qualify as extraordinary circumstances." *Id*.

In sum, Petitioner did not timely file his Section 2255 motion and equitable tolling is not warranted, because Petitioner did not pursue his rights diligently, and the mail deliveries he faults for delaying his filing does not qualify as extraordinary circumstance warranting equitable tolling.

**b. Defense counsel provided effective assistance**

Petitioner alleges several instances of ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution. The Sixth Amendment provides, in relevant part, that in all criminal prosecutions, "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. XI. The right to the assistance of counsel means the right to

[1] Undersigned counsel avers that this assertion is true as an officer of the Court. Undersigned counsel can provide its communications with BOP to this Court for review if the Court desires to receive and review them. However, it is the Petitioner's burden to establish that he timely filed his motion, and the BOP communications establish that there were no impediments to the mail system at Petitioner's facility. Petitioner provided a USPS Tracking number for his original Section 2255 motion. ECF No. 62-2. However, when that tracking number is searched on the USPS website, the result is "Label created, not yet in system", which suggests the filing was never actually entered into the mailing system.

the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 688, 686 (1984). A collateral proceeding in district court under 28 U.S.C. § 2255 is the proper means of pursuing fact-specific claims of ineffective assistance of counsel. *See United States v. Fisher*, 477 F.2d 300, 302 (4th Cir. 1973).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was constitutionally deficient and (2) such deficient performance caused the petitioner actual prejudice. *Strickland*, 466 U.S. at 687–88, 692. The burden of proof lies with the petitioner to satisfy both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

To satisfy the performance prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Strickland*, 466 U.S. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In assessing whether a petitioner has overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." *Id.* at 689. This standard of review is "highly deferential" to counsel. *Id.* at 689.

To satisfy the prejudice prong, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This prong requires the petitioner to show that "counsel's errors

were serious enough to deprive the petitioner of a fair trial. In essence, the petitioner must show 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Oliver*, No. 3:11-CR-63-02, 2015 WL 1906076, at *3 (E.D. Va. Apr. 20, 2015).

**i. Defense counsel's performance was not deficient**

Petitioner has not demonstrated that his former counsel was constitutionally deficient. As an initial matter, Petitioner stated on the record that he was satisfied with the performance of his counsel throughout the representation. Mr. Brodnax entered his appearance to represent Petitioner as local counsel on July 23, 2021. *See* ECF No. 18; ECF No. 69, Declaration ¶ 6. The record reflects that the Petitioner discussed his legal options with counsel and ultimately decided to plead guilty to one count of attempted enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF Nos. 28, 29, 30. Mr. Brodnax's own declaration reaffirms that Petitioner consulted his counsel on numerous occasions and for extended conversations before pleading guilty. Declaration ¶¶ 4-60. Petitioner indicated at the pre-indictment plea that he was satisfied with the representation:

> THE COURT: All right. Are you fully satisfied with the way in which Mr. Brodnax has negotiated these two guilty pleas for you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And did he keep you fully informed as to how he was negotiating on your behalf?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And are you fully satisfied with the way in which he has represented you in this proceeding?
>
> THE DEFENDANT: Yes, Your Honor.

> THE COURT: And do you understand you still at this time have a right to change your mind and enter a plea of not guilty to either one or both of these charges? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And if you were to plead not guilty, then the burden at trial would be on the government to prove your guilt, and that burden is a burden of proof beyond a reasonable doubt. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

ECF No. 49, Transcript of Pre-Indictment Plea at 27, *United States v. Hihn*, No. 1:21-cr-167 (E.D.Va. December 17, 2021).

Petitioner's broad assertions to the contrary do not meet his burden under *Strickland*. First, Petitioner states that his counsel failed to ensure that forensic and psychological reports were completed before Petitioner accepted his plea agreement. Mr. Brodnax Declaration states that Petitioner decided to accept the plea agreement before either report was completed and "Petitioner never indicated his acceptance [of the plea agreement] was contingent on the receipt of either Dr. Berlin's report or a forensic analysis from Sensei Enterprises." Declaration ¶ 54. The plea colloquy confirms that Petitioner was satisfied with Mr. Brodnax work negotiating the plea deal and Petitioner expressed no desire to postpone acceptance of a plea deal until the reports were completed. ECF No. 49 at 27. Indeed, there is nothing on this record that would have suggested that anything in those reports could have reasonably caused defendant and counsel to pursue a different course of action.

Second, Petitioner asserts that his counsel was ineffective by failing to assert an entrapment defense. However, Mr. Brodnax stated that he discussed the defense of entrapment at length with Petitioner, after reviewing 31 Fourth Circuit cases "relating to law enforcement's use of fictitious minors and enticement of minors," and consulting trial counsel in a similar case.

Declaration ¶ 26. Mr. Brodnax "expressed reservations [to Petitioner] that the defense could establish a requisite basis to persuade Judge O'Grady to give an entrapment jury instruction." *Id*. Given the evidence in the case, there was still less reason to believe that there existed any likelihood that a trial jury provided that instruction would have acquitted Petitioner on that basis. Mr. Brodnax's assessment that an entrapment defense was unlikely to succeed was wholly reasonable. Finally, when Petitioner was asked whether he was fully satisfied with Mr. Brodnax's representation at the plea hearing, Petitioner affirmed that he was. ECF No. 49 at 27.

Third, Petitioner asserts that his counsel was ineffective by failing to advise Petitioner of his appeal rights. The record reflects otherwise. First, Petitioner was carefully advised on the terms of his plea agreement by his counsel. *See* Declaration ¶ 37. Second, the plea colloquy confirms that Petitioner knowingly agreed to waive his right to appeal. In other words, Petitioner had clearly abandoned that desire by the time he pled guilty on December 17, 2021:

> THE COURT: Defendants normally have the right to appeal the sentence imposed on them, but if you look at paragraph 6 of your plea agreement, this is on page 4, the second sentence of that paragraph, which begins with the word "nonetheless," as a condition of this plea agreement, you are knowingly waiving, that same word, "waive," which means giving up first of all your right to appeal your conviction for these two counts and your right to appeal any sentence as long as the sentence is not greater than the statutory maximum on any grounds whatsoever except for a claim that you received ineffective assistance of counsel. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: "[U]nder the terms of your plea agreement, again you're using that word 'waive,' which means giving up, you've agreed to give up your right to appeal your conviction and any sentence as long as the sentence is not greater than the statutory maximum . . . , you cannot appeal that decision for any reason other than a claim of ineffective assistance of counsel? Do you understand that?
>
> THE DEFENDANT: Yes.

ECF No. 49 at 22-23.

Mr. Brodnax's statements also belie Petitioner's claim that his counsel did not seek exculpatory and unredacted evidence prior to Petitioner deciding whether to accept a plea agreement. Mr. Brodnax details that "counsel reviewed unredacted discovery for 120 minutes at the USAO" and "counsel consulted by telephone with Petitioner and shared the discovery review at the USAO, which included a viewing of the photos previously redacted in the discovery." Declaration at ¶¶ 18-19.

Lastly, Petitioner's prior in court and under oath assertions of his satisfaction with the performance of his counsel – which he confirmed during the plea colloquy – refutes Petitioner's present claims that he was dissatisfied with Mr. Brodnax's alleged failure to advise Petitioner on the proper statutory construction of 18 U.S.C. § 2422(b); failing to object to the exact number of child pornography images and message pages at sentencing; or failing to secure the privacy of Petitioner's conversations with counsel when Petitioner was held at a detention center. Even if these alleged errors did take place, Petitioner was fully aware of them at the time he knowingly and voluntarily entered his guilty plea, and stated he was satisfied with Mr. Brodnax's representation. *Cf. Mandarino v. Ashcroft*, 290 F. Supp. 2d 253, 260 (D. Conn. 2002) ("The error giving rise to the present case would not reasonably have been made known to one in petitioner's situation until deportation proceedings were initiated.").

Petitioner's satisfaction with the Mr. Bordnax's performance, along with a comprehensive view of the time and substantive work Mr. Brodnax contributed to this case, demonstrate that Mr. Brodnax's representation of Petitioner was far from deficient.

**ii. Defense counsel's performance did not cause prejudice**

Even if Petitioner was able to show that counsel's representation fell below an objective standard of reasonableness, he has not met his burden to demonstrate that such deficient performance caused him actual prejudice. *See Strickland*, 466 U.S. at 687–88, 692. To satisfy the prejudice prong, petitioners who claim ineffective assistance of counsel even after entering a guilty plea must generally demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Siers-Hill v. United States*, 467 F. Supp. 3d 406, 422 (E.D.Va. 2020) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Such a showing depends largely on whether he likely would have succeeded at trial." *Id.* If the evidence of a petitioner's guilt is overwhelming, he cannot possibly establish prejudice, even if counsel's performance was deficient. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Here, Mr. Brodnax's alleged errors would not have caused actual prejudice because there is overwhelming evidence of Petitioner's guilt, and correcting the alleged errors would not rebut that overwhelming evidence. First, Mr. Brodnax's declaration clarifies that "any expert [forensic] report would not have been helpful to the notion that Petitioner was unaware of the images" on his phone because the forensic report inculpated rather than exculpated Petitioner. Declaration ¶ 82. Therefore, there is no reasonable probability that waiting for a forensic report would have changed the strength of Petitioner's case and led to a decision to go to trial.

Second, Petitioner has not demonstrated that knowledge of Dr. Berlin's psychological evaluation would have led Petitioner to go to trial. As Mr. Brodnax explained, the purpose of the proposed evaluation, was not to determine Petitioner's culpability for his crime, but rather "to determine whether Petitioner suffered from any sexual disorder, and to hopefully demonstrate to a possible sentencing court that Petitioner would not pose a risk to community safety."

Declaration ¶ 17. The evaluation was thus to be used in mitigation at sentencing following a conviction, and logically could not have affected Petitioner's decision whether to proceed to trial. The overwhelming evidence proving Petitioner's crimes would not have been countered by Dr. Berlin's evaluation.

Third, an entrapment defense would have been fruitless. Mr. Brodnax exercised his professional judgement and determined that the defense could not establish a requisite basis to persuade this Court to give an entrapment jury instruction. Indeed, entrapment is an affirmative defense which requires the defendant to prove by more than a scintilla of evidence two related elements: "(1) government inducement to commit a crime and (2) the lack of predisposition on the part of the defendant to engage in criminal conduct." *United States v. Hsu,* 364 F.3d 192, 198 (4th Cir.2004) (citing *Mathews v. United States,* 485 U.S. 58, 62–63 (1988)).

Petitioner argues that an entrapment defense should have been asserted by pointing to several innocuous messages cherry-picked from extensive chat exchanges discussing his desire to have sex with an infant and an 11-year old girl. See ECF No. 63 at 3-15. Petitioner argues that these unoffensive messages demonstrate that his disposition and conduct were completely induced by the government. However, that argument is refuted by the facts of Petitioner's case, including the nature of Petitioner's extensive chat exchanges with the undercover agent regarding his desire to have sex with an infant and an 11-year old girl, his purchase of a princess costume and other gifts for the 11-year old, and his travel from Baltimore, Maryland to Arlington, Virginia for the purported purpose of engaging in sexual conduct with that child. Hundreds of pages of written communications catalogued Petitioner's desire to abuse these two victims, not to mention a telephone call spanning over 45 minutes which contained a lot of similar content. Therefore, Petitioner would struggle to satisfy either prong – let alone both

prongs – of an entrapment defense at trial. Petitioner was aware of the futility of an entrapment defense under these circumstances, because Mr. Brodnax discussed it with him. Declaration ¶ 26. Petitioner chose to plead guilty knowing that an entrapment defense was a futile course of action, emphasizing that such a defense would not lead Petitioner to go to trial.

Fourth, Petitioner cannot show that the result of his proceeding would have been any different had his attorney appealed the Court's ruling following a trial. And Petitioner fails to make that argument in his Motion or Memorandum. On April 8, 2022, this Court sentenced Petitioner to 132 months of incarceration with credit for time served as to his attempted enticement of a minor, 63 months of incarceration to be served concurrently as to his possession of child pornography, and ten years of supervised release. ECF No. 40. He admitted guilt and endorsed a Statement of Facts that fully established his attempted enticement of a minor and his possession of child pornography. Petitioner benefited from the guilty plea by accepting responsibility and earned a three-point reduction. ECF No. 70 at 6. As noted in the Declaration, defense counsel discussed the plea with Petitioner before it was accepted. His counsel could not have done any better, and Petitioner does not attempt to argue that counsel could have.

Lastly, Petitioner fails to allege his remaining claims would have resulted in actual prejudice. Petitioner does not identify any exculpatory evidence that was undisclosed by the United States which would have overcome the extensive evidence proving his guilt. Petitioner only argues that some allegedly exculpatory photos were redacted from his chat exchanges. ECF No. 62 at 26. But as Mr. Brodnax notes, he reviewed unredacted discovery and had the opportunity to discuss the discovery with Petitioner. Declaration ¶¶ 18, 19. Likewise, Petitioner does not argue that his knowledge of 18 U.S.C. § 2422(b)'s construction would have meaningfully altered the way Mr. Brodnax represented petitioner. Moreover, Petitioner does not

explain how an objection regarding the exact quantity of incriminating chat exchange pages and images could have influenced his decision whether to go to trial. Indeed, the Court noted at sentencing that "the number of images, given the way pornography is exchanged these days, and the number of images is -- it's not irrelevant, but it's far less relevant than it used to be." ECF No. 70 at 12. Finally, Petitioner has failed to argue that, but for his counsel's inability to prevent any alleged violation of his privacy at the detention center, he would have gone to and succeeded at trial.

In sum, even if this Court were to accept the Mr. Brodnax's performance was constitutionally deficient, Petitioner has not offered any reason why he "might have been confident of an acquittal." *Siers-Hill*, 467 F. Supp. at 422. Because Petitioner has not shown counsel's performance was constitutionally deficient, and has not shown that counsel's performance caused Petitioner actual prejudice, Petitioner's ineffective assistance of counsel claim should be denied.

**c. Petitioner's conditions of supervised release do not violate federal law.**

Beyond asserting ineffective assistance of counsel, Petitioner alleges that his sentence violates his constitutional right to privacy. ECF No. 62 at 29. Special Condition #4 of Petitioner's conditions of supervised release dictates, "The defendant shall waive all right of confidentiality regarding sex offender/mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider." ECF No. 44 at 5. Petitioner argues that "[t]he court lacks the ability to compel" him to waive his right of confidentiality. ECF No. 62 at 29. This claim fails because this Court had authority to impose Special Condition #4 under 18 U.S.C. § 3583(d).

Section 3583(d) allows a court to impose any condition it considers to be appropriate so long as the condition is reasonably related to the factors set forth in 18 U.S.C. § 3553, involves no greater deprivation of liberty than reasonably necessary "to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and is consistent with any pertinent policy statements in the guidelines. *See also* USSG § 5D1.3(b) (implementing Section 3553(d)).

Conditions requiring disclosure to the court and to the probation officer of information regarding sex offender/mental health treatment have repeatedly been upheld as authorized under Section 3583(d). *See*, *e.g.*, *United States v. Dill*, 822 F. App'x 19, 22 (2d Cir. 2020) ("We have previously upheld a condition of supervised release requiring a defendant to waive confidentiality of records relating to his sex offender treatment in the interest of public safety."); *United States v. Dupes*, 513 F.3d 338, 344 (2d Cir. 2008) (Finding that requiring the defendant to share information regarding his sex offender treatment would "advance his treatment by allowing the probation officer to monitor [the defendant's] progress and, if necessary, make adjustments to his court-ordered therapy program" and " reasonably further public safety."); *United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir. 2001), (requiring defendant to share mental health treatment information with the Court and probation was "necessary for successfully supervising [the defendant's] reintegration into society."); *United States v. Cooper,* 171 F.3d 582, 587 (8th Cir.1999) (requiring prisoner to give probation officer full access to psychiatric and medical records "reasonably amplifies" the standard condition of answering probation officer's question truthfully).

Similarly here, Special Condition #4 is reasonably related to the factors set forth in Section 3553. The condition is plainly necessary to permit the Probation Office to effectively supervise the defendant, and that supervision would be significantly impeded if the assigned Probation Officer were not permitted to discuss the status of the defendant's sex offender and/or mental health treatment with the provider. This Court imposed Special Condition #4 after emphasizing that it was a great "help to the Court" hearing from a mental health professional who had evaluated Petitioner. ECF No. 70 at 18. Moreover, the Court stated that Petitioner would need to make the "right decisions with the help of professionals and with the help of your supervised probation officer in the future [….]" ECF No. 70 at 18. These comments demonstrate that Special Condition #4 will ensure both that Petitioner is receiving rehabilitation in the most effective manner, and that the community remains safe by having probation monitor that rehabilitation.

**d. Petitioner's actual innocence claim is meritless**

Lastly, Petitioner claims actual innocence for his 18 U.S.C. § 2422(b) charge. ECF No. 51 at 1. It is true that the Supreme Court has "recognized a limited 'actual innocence' exception to certain procedural bars to habeas review. Under the exception, 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default.'" *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014) (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). However, the Supreme Court has made clear that "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare" and the exception only applies in limited circumstances: "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the

light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 327 (1995); *see also United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). It remains unsettled whether the "actual innocence" exception applies to noncapital sentences. *Dretke v. Haley,* 541 U.S. 386, 388–89, (2004) (declining to decide "whether [the actual innocence] exception applies where an applicant asserts 'actual innocence' of a noncapital sentence"). However, even if the exception did apply here, Petitioner has failed to present any new evidence that would lead a juror not to convict Petitioner when weighed against the significant evidence proving Petitioner's guilt. As noted above, this evidence included, among other evidence, lengthy chat message exchanges in which the defendant expressed in explicit terms his desire to engage in sexual activity with a child, the defendant's purchase of toys to ingratiate himself with that child, and the defendant's travel from Maryland to Virginia intending to have sex with the child. Therefore, Petitioner's actual innocence claim should be rejected.

**e. Petitioner is not entitled to an evidentiary hearing**

"A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [that individual] to relief." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (internal citation omitted). With respect to Petitioner's claims, an evidentiary hearing is not required because the record before the Court is adequate to dispose of the allegations. *See, e.g.*, *Mueller v. Angelone*, 181 F.3d 557, 586-87 (4th Cir. 1999) (concluding, in the context of a Section 2254 claim, that where the petitioner fails to raise factual contentions that would require the district court to grant habeas relief, then the district court may resolve the petition without an evidentiary hearing).

## IV. CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court deny Petitioner's motion without holding an evidentiary hearing.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

BY: /s/
Daniel I. Lipkowitz
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-236-3855
Fax: 703-299-3980
Daniel.Lipkowitz2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record. I further certify that I will mail the foregoing by U.S. mail to the following non-filing user:

Jason Steuart Hihn, Reg. No. 52188-509
Federal Correctional Complex - LOW P.O. Box 1031
Coleman, Florida 33521-1031

/s/

Daniel I. Lipkowitz
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: 703-236-3855
Fax: 703-299-3980
Email: Daniel.Lipkowitz2@usdoj.gov