Attachment

Jason Hihn #52188-509
Coleman FCI LOW
PoBox 1031
Coleman, FL 33521

Michael Maschke, CEO
Sensei Enterprises, Inc
3975 University Dr.
Suite 225
Fairfax, VA 22030

3/12/2024
Date

Re: Jason Hihn (4543) / USDC EVDA Case 1:21-CR-167

Dear Mr Maschke,

On February 1, 2022 your company executed a contract with my counsel on my behalf to perform an investigation and create an expert report in the above cited case. On April 7, 2022 my counsel and I were given the findings by phone which were substantially favorable to me, the defendant in the case. Phillip DePue stated that although the findings were complete, it was not yet typed up and therefore not ready to be filed with the court. I was sentenced the next day. Because of this I was sentenced per the government's assertions and therfore received a longer sentence than what was proper because our report was not filed. I have reopened the case and now seek that information.

I have previously written to you about this in the spring of 2023. I have not yet received a response. I am aware that you provided partial data to my family, however that data does not provide the full path names of the files or the ownership and permissions which are of material importance and probative of guilt. As I paid for the data to be collected, it is my data and I have a right to all of it.

I still wish to have the report completed as it was supposed to have been done. The report was supposed to state the following facts:

1. That only 22 of the files were in my Downloads folder or subfolders,
1.1 That some large number were in "cache" directories.
1.2 That some large number were in a a hidden ".thumbnail-?" directory which was created by the Samsung Gallery3D application and I would not known of their existence.
2. That these files were only found because the government used a forensic examination tool (the same one your company used) which bypassed the normal operating system protections, thereby giving the government access to all the files on the device, even the ones that I the device owner, did not have access to.
2.1 That the phone operating system was Android.
2.2 That the Android kernel uses the Linux kernel which is a multi-user kernel that attributes files to owners and groups, and uses read, write, and execute permission matrix on every file and directory.

Attachment

2.3 That the Android operating System uses Linux's permission system to isolate users and applications from each other and system processes.
2.4 That therefore under the Android operating system, the legal owner of the device does not have access to all of the files on the device.
2.5 That the forensic tool uses its own kernel, not the one of the device, so that it can bypass the isolation and permissions to which the legal owner is normal subject.
2.6 That for some number of the files that the government claimed, because of Android's access controls, the user has no access to and therefore could not posess them because he did not have the technical ability to do so.

Please send me all of the raw data you collected per the contract, including but not limited to the complete file paths, checksums, and filesystem permissions, Because I am in prison I now require this to be printed out an mailed in to my address on this letter.

A copy of this letter and the certified mail receipt may be added to the record in the above legal case. I will repeat this mail every 30 days until I receive a suitable response. Failure to respond after 3 mailings is considered willful indifference.

I also respectfully demand that I am provided all timesheets for this contract. The name of the person, date, amount of time and brief description of the work performed is required. I also understand that there is an issue of balance due to Sensei Enterprises. This information if supplied with the rate will be required to resolve that matter. I request the timesheets regardless of that controversy.

I also am requesting all notes and work product produced under the contract with any applicate date stamps.

Thank You,

[signature]

Jason Hihn 52188-509
Coleman FCI LOW
PoBox 1031
Coleman, FL 33521

9589 0710 5270 0130 2392 16
Certified Mail Receipt #

3/12/2024
Mailing Date

[X] 1st mailing
[ ] 2nd mailing
[ ] 3rd mailing

## CERTIFICATE OF SERVICE

I, Jason Steuart Hihn, sui juris, proceeding pro se, certify that the foregoing is true and correct, and made with my firsthand knowledge pursuant to the penalty of perjury, pursuant to 28 U.S.C. §1746(1), that on the date affixed below, I did forward to the prison authorities for mailing,[1] my

Motion for Extension of time to Reply; Motion to Compel Sensei Enterprises; Letter to Sensei

for forwarding to the Albert V. Bryan U.S. Courthouse 401 Courthouse Square, 2nd Floor, in Alexandria, VA 22314-5704. Said mailing was properly addressed and did contain the proper amount of pre-paid postage affixed thereto.

It appears that the parties to this action are registered with the CM/ECF Electronic Docketing System, therefore as I am proceeding Pro Se, I ask for service by that means also.

Respectfully submitted this 10 day of April, 2024.

9589 0710 5270 0130 2355 53
Certified Mail Receipt

9590 9403 0689 5196 2121 36
Return Receipt

By: [signature]
Jason Steuart Hihn, Pro Se
Fed. Reg. No. 52188-509
Federal Correctional Complex - LOW
P.O. Box 1031
Coleman, Florida 33521-1031

1 Under the Prison Mailbox Rule, a pro se petitioner's pro se filing is deemed filed when it is delivered to the prison authorities for forwarding to the Clerk of the Court. Huston v. Lack, 487 U.S. 266, 268 101 S. Ct. 2379, 101 L.Ed.2d 245 (1988)