# Exhibit

# LL

Bureau of Criminal Investigation
FEB 24 2010
Virginia State Police Headquarters HTCD

# MEMORANDUM OF UNDERSTANDING (MOU)

The Northern Virginia/Washington DC (NOVA/DC) Internet Crimes Against Children (ICAC) Task Force is a partially grant-funded endeavor. The Virginia State Police is the recipient of the Department of Justice ICAC grant. This Memorandum of Understanding (MOU) is entered into by and between the following agencies:

The Virginia State Police and the Arlington County Police Department

Items in this MOU shall not be construed as limiting or impeding the basic spirit of cooperation that exists between the participating agencies.

## I. Mission

The mission of the ICAC Task Force is to identify, apprehend, and prosecute sexual predators who exploit children through the use of computers and the Internet, and to sponsor community education efforts regarding the prevention of internet crimes against children. The task force also seeks to enhance the effectiveness of participant agencies by providing investigative training to employees of each agency.

## II. Purpose

The purpose of this MOU is to delineate the responsibilities of the ICAC Task Force, maximize inter-agency cooperation and formalize relationships between participant agencies for policy guidance, supervision, planning, training, and public and media relations. It is the desire of the participating agencies to attain maximum inter-agency cooperation in a combined law enforcement effort aimed at reducing internet crimes against children.

## III. Direction

All participants acknowledge that the task force is a joint operation in which all agencies act as partners; however, the Virginia State Police is directly responsible for the policy and direction of the task force and grant management. The NOVA/DC ICAC Task Force Coordinator will periodically contact supervisors and investigators from participating agencies to keep them informed of issues relevant to ICAC operations. Activities of the ICAC Task Force are further governed by the operational and investigative standards of the United States Department of Justice, Office of Juvenile and Delinquency Prevention (DOJ/OJJDP).

## IV. Personnel

The Virginia State Police will commit the resources of the Task Force Coordinator (Special Agent), one Criminal Investigator (Special Agent) and other personnel as determined by the NOVA/DC ICAC Commander. Computer forensic analysis will be available through the Virginia State Police Computer Evidence Recovery Unit (CERU). Assignment of member personnel to the ICAC Task Force will be at the discretion of the respective agency heads/supervisors. Each participating agency, upon request, will be provided with an update regarding the direction and accomplishments of the task force.

## V. Investigations and Deconfliction

All ICAC Task Force investigations will be conducted in a spirit of cooperation. It is agreed that unilateral acts on the part of employees involved in task force investigations are not in the best interest of the task force. Agency participation in the task force mean that when an ICAC Task Force case is developed in a member agency's jurisdiction, either by that agency or through another agency or means, the member agency will conduct or assist in the investigation. Cross jurisdictional investigations within the NOVA/DC ICAC territory shall be coordinated between the affected agencies. When investigations are developed in jurisdictions outside the NOVA/DC ICAC assigned territory, the involved affiliate agency will advise the NOVA/DC ICAC Task Force Coordinator as soon as possible. The NOVA/DC ICAC Task Force Coordinator will ensure contact is made with the affected agencies from contacting any cooperating law enforcement agency at any time to initiate or further an investigation.

## VI. Prosecution

The criteria for determining whether to prosecute a particular violation in county, state or federal court will focus on achieving the greatest overall benefit to the public. Any questions arising pertaining to jurisdiction will be resolved through discussions among the investigative and prosecutorial agencies having jurisdiction in the matter. When joint jurisdiction exists, this MOU does not preclude additional prosecution(s) in other jurisdictions.

## VII. Prevention and Education Activities

Member agencies will conduct education and prevention programs within their jurisdictions to foster awareness and provide practical, relevant guidance to children, parents, educators, librarians, the business community, and other individuals concerned about Internet child safety issues. Presenters shall not discuss investigative techniques utilized by the ICAC Task Force. Requests for services/presentations received by the Task Force Coordinator will be forwarded to the affected member agency.

## VIII. Case Predication and Prioritization

Cases may be initiated by referrals from the CyberTipline, Internet Service Providers, other law enforcement agencies, and by information gathered through subject interviews, documented public sources, direct observations of suspicious behavior, public complaints, or by any other source acceptable under agency policies. Member agency supervisors are responsible for determining investigative priorities and selecting cases for investigation. Assuming the information is deemed credible, that determination should begin with an assessment of victim risk and then consider other factors such as jurisdiction and known offender behavioral characteristics.

The following prioritization scale will be used as a guideline:

a) A child is at immediate risk of victimization
b) A child is vulnerable to a victimization by a known offender
c) Known suspect is aggressively soliciting a child(ren)
d) Traders of images that appear to be home photography with domiciled children
e) Aggressive, high volume child pornography traders who either are commercial distributors, repeat offenders, or specialized in sadistic images
f) Traders and solicitors involved in high-volume trafficking or belonging to an organized child pornography ring that operated as a criminal conspiracy
g) Traders in previously known images
h) Traders in digitally altered images

## IX. Undercover Investigations

Task force investigators shall avoid unlawful inducement of any individual not otherwise predisposed to commit the offenses being investigated. Only sworn, on-duty, ICAC Task Force personnel, who have completed the required basic online investigations course, shall conduct ICAC investigation in an undercover capacity. Private citizens shall not be asked to seek out investigative targets nor shall they be authorized to act as police agents in an online undercover capacity. ICAC Task Force personnel shall not, under any circumstances, upload, transmit, or forward pornographic or sexually explicit images. Other than photographs of law enforcement officers who have provided their informed written consent, no human images shall be uploaded, transmitted, or forwarded by task force personnel. Other than authorized above, images considered for uploading shall be approved by an ICAC Task Force supervisor and reviewed by a local/state/federal prosecutor. Sexually suggestive screennames shall not be used. During online dialogue, undercover officers should allow the investigative target to set the tone, pace, and subject matter of the online conversation. Image uploading shall be initiated and executed by the target.

## X. Records, Reports and Evidence

Each individual agency is ultimately responsible for maintaining investigative reports generated by their agency's personnel. Investigative reports will be cooperatively shared in accordance with each member agency's policy. Evidence will be handled by established rules of law regarding chain of custody and property release and consistent with individual agency policy. All undercover online activity shall be recorded and documented. Any deviations from this policy shall be documented in the relevant case file. The storage, security, and destruction of investigative information shall be consistent with each agency's policy. Member agency supervisors will ensure that forensic examination of computers and related evidence are conducted by qualified/certified personnel.

## XI. Statistics

All activity related to the core mission of the task force will be reported and submitted to the Task Force Coordinator by the 15th day of each month. A standardized electronic form will be provided. This form gathers such information as: community education, law enforcement training, subpoenas, arrests and number of cased worked. Information/statistics submitted on this form must be substantiated by investigative case files or other member agency documentation for DOJ/OJJDP audit purposes.

## XII. Media Relations and Releases

Case specific media release information regarding task force operations will be coordinated and made jointly by all participant agencies. No unilateral press releases regarding individual cases will be made by any participating agency without the prior approval of the other participants. Media releases shall not include information regarding specific investigative techniques. Member agencies may engage in general media relations to promote the work of the task force. National Media contact shall only be made after prior approval is obtained by the National ICAC program manager. The Task Force Coordinator will assist in this process.

### XIII. Workspace and Equipment

Task force computers and software shall be reserved for the exclusive use by agency designated task force personnel. No personally owned equipment shall be used in task force investigations and all software shall be properly acquired and licensed. All task force online investigations shall be conducted in government workspace as designated by the agency.

### XIV. Training

ICAC Task Force members will have priority in the recommendation for training opportunities to improve and enhance the job skills required to combat internet crimes against children. Training costs will be defrayed as much as possible through grant funding.

### XV. Duration

This MOU will remain in effect unless either party terminates the agreement. Task Force member agencies may withdraw their participation in this MOU at any time by providing two weeks written notice of their intent to withdraw. Upon withdrawing from the task force, equipment assigned to member agencies will be returned to the Task Force Coordinator.

## AGENCY INFORMATION

Agency Head or Designee: [signature] Chief M. Douglas Scott
Signature Title/Printed Name

Agency: Arlington County Police Department Address: 1425 N. Courthouse Rd., Arlington, VA 22201

Telephone(s): 703-228-4040 Email Address: police@arlingtonva.us

## ICAC INFORMATION

[signature] 2-23-10 (updated MOU)
Virginia State Police/ICAC Commander Date